387 S.E.2d 553

**Robert JOHNSON**

v.

**Grey M. CASSELL, Superintendent and Madeline Blue, President, and Galen Shingleton, Joe Pancake, Members of the Hampshire County Board of Education.**

**No. 18993.**

Supreme Court of Appeals of
West Virginia.

Dec. 5, 1989.

318

Daniel C. Staggers, Staggers & Webb, Keyser, and William McGinley, Charleston, for Robert Johnson.

Marcia J. Pollard, Steptoe & Johnson, Morgantown, for Grey M. Cassell, Members of the Bd. of Educ.

PER CURIAM:

This case is before this Court upon an appeal from a final order of the Circuit Court of Hampshire County dated October 10, 1988. In such order, the circuit court denied issuance of a writ of prohibition against the Hampshire County Board of Education. The petitioner, Robert Johnson, had petitioned the circuit court for a writ of prohibition to stop the Hampshire County School Board from placing an unqualified teacher in a vacant position for which he was qualified. For reasons set forth in this opinion, we reverse the order of the circuit court.

Robert Johnson is currently employed by the Berkeley County Board of Education as a gifted education teacher. However, he has resided in Hampshire County since 1980, and has desired to return to teaching in his home county upon the opening of a position in his field. He filed an application for employment in Hampshire County in

June of 1987, and had also spoken to school officials concerning his interest in teaching in Hampshire County.

A teaching vacancy for gifted education in Hampshire County occurred in August 1987. On August 4, 1987, the Board of Education posted notices for the job vacancy in the schools, and also published notices in three area newspapers. The qualifications requirement in such job posting stated:

Applicants must hold, or be eligible for, a West Virginia Teaching Certificate in the areas of Learning Disability 7–12; Teacher of the Gifted–K–12.

The deadline for applications was August 18, 1987. The notices that were published in the area newspapers revealed that the job was open to current employees of the Hampshire County school system until August 14, 1987, and subsequent to that date, the job vacancy would be open to the public. Mr. Johnson saw the advertisement and arranged for an interview with the Director of Special Education in Hampshire County on August 5, 1987.

On August 17, 1987, upon recommendation of the county superintendent, the Board of Education voted to hire Charles Streisel for the position. Mr. Streisel was the only other candidate for the position. He was employed at the time by the Hampshire County Board of Education.

Mr. Johnson protested to the state superintendent of schools but received no response from such protests. He then instituted action in the Circuit Court of Hampshire County on January 14, 1988, seeking to prohibit the Board of Education from hiring a teacher who was unqualified for the vacant position. On September 22, 1988, the circuit court issued an opinion denying the writ of prohibition, and on October 10, 1988, the final order denying the same was entered.

The qualifications of the two candidates vary in important respects. Robert Johnson has obtained his master's degree in special education, and is specifically qualified in the field of gifted education. He has been certified by the state to teach in gifted education programs. He has eleven years teaching experience in the specialized area of gifted education, seven years under a state permit and four years after being fully certified. Charles Streisel, on the other hand, is certified by the state to teach only in the areas of general science and mathematics. At the time he was selected for the position as a teacher of gifted education, he did not possess a master's degree, was not certified to teach special education, or gifted education in particular, and had no experience teaching in a gifted education program. However, the county superintendent saw fit to alleviate these shortcomings and arranged for a temporary permit to be issued to Mr. Streisel to allow him to teach gifted education.

■ W.Va.Code § 18A–4–8b(a) (1988) states in pertinent part that "[a] county board of education shall make decisions affecting promotion and filling of any classroom teacher's position occurring on the basis of qualifications...."

In Syllabus Point 1, *Dillon v. Bd. of Educ. of the County of Wyoming*, 177 W.Va. 145, 351 S.E.2d 58 (1986), we stated that

Under W.Va. Code 18A–4–8b(a) (1983), decisions of a county board of education affecting teacher promotions and the filling of vacant teaching positions must be based primarily upon the applicants' qualifications for the job, with seniority having a bearing on the selection process when the applicants have otherwise equivalent qualifications or where the differences in qualification criteria are insufficient to form the basis for an informed and rational decision.

In the present case, the appellant's qualifications were undeniably superior to those of Mr. Streisel. The appellant had received his master's degree in special education, was specifically qualified and certified by the state to teach gifted education, and had eleven years teaching experience in the gifted education field. Mr. Streisel was certified by the state to teach only in the areas of general science and mathematics, and had no teaching experience in the specialized area of gifted education.

We find the issuance of a temporary permit pursuant to State Board Policy 5113 to be unpersuasive evidence that Mr. Streisel was qualified, pursuant to the posting notice requirements, to teach gifted education. Such temporary permits are only to be issued based on a specific staffing need. County superintendents are obligated, pursuant to such policy, to utilize fully qualified teachers when they are available.

In *State ex rel. Oser v. Haskins*, 179 W.Va. 789, 374 S.E.2d 184, 186 (1988), we reiterated the rule in *Dillon* and stated that "[t]he appellees are required to consider first the qualifications and then the seniority of the individuals in filling a vacant teaching position."

■ In Syllabus Point 3, *Dillon v. Bd. of Educ. of the County of Wyoming*, 177 W.Va. 145, 351 S.E.2d 58 (1986), we stated that: "[c]ounty boards of education have substantial discretion in matters relating to the hiring, assignment, transfer, and promotion of school personnel. Nevertheless, this discretion must be exercised reasonably, in the best interests of the schools, and in a manner which is not arbitrary and capricious."

■ After examining the facts in this case, we determine that the Hampshire County Board of Education abused its hiring discretion by failing to place the most qualified applicant in the open position and refusing to grant such position to the appellant, who had applied for and was well qualified for this job. The Board and County Superintendent should have considered the seniority of Mr. Streisel as an in-county employee only if his qualifications were comparable.

■ Consequently, we find that the Hampshire County Board of Education clearly exceeded its legitimate powers by failing to fill the vacant teaching position by the appellant. Although petitioner proceeded in this case by a petition for a writ of prohibition, the preferable remedy lies in the office of mandamus. Both W.Va.Code § 18A-4-8b and § 18A-4-13 (1988) provide that "[a]ny board failing to comply with the provisions of this article may be compelled to do so by mandamus." In addition, W.Va.Code § 18A-4-8b provides that the board "shall be liable to any party prevailing against the board for court costs and his reasonable attorney fee, as determined and established by the court."

Therefore, we treat the petitioner's action as a petition for a writ of mandamus. We find that the appellees acted in an arbitrary and capricious manner by failing to place the most qualified applicant in a position for which appellant had applied and was qualified. Therefore, a writ of mandamus should have been issued directing the appellees to place appellant in the position of gifted education teacher at Hampshire High School and Romney Junior High School, with salary and other applicable benefits retroactively applied subject to appropriate principles of mitigation. *See Mason County Bd. of Educ. v. State Superintendent of Schools*, 170 W.Va. 632, 295 S.E.2d 719 (1982).

Accordingly, the judgment of the Circuit Court of Hampshire County is reversed, and the case is remanded with directions to enter an order consistent with this opinion, and to award attorneys' fees in accordance with the provisions of W.Va.Code § 18A-4-8b.

Reversed.