406 S.E.2d 733 (1991)
Sarah EGAN, Petitioner Below, Appellant,
v.
BOARD OF EDUCATION OF TAYLOR COUNTY, a Public Corporation; and Tony Veltri, President, Paul W. Isner, Vice President, J. Michael Halley, Dr. Charles E. Bennett, Jr., and William V. Weaver, Constituting Members of Said Board; and Dr. William Teets, Superintendent of Schools of Taylor County, Respondents Below, Appellees.
No. 19997.
Supreme Court of Appeals of West Virginia.
Submitted May 14, 1991.
Decided June 27, 1991.
*734 Kathleen Abate, Cohen, Abate & Cohen, Fairmont, for appellant.
Harry M. Rubenstein, Kay, Casto, Chaney, Love & Wise, Morgantown, for appellees.
PER CURIAM:
This is an appeal by Sarah Egan from an order of the Circuit Court of Taylor County entered on September 27, 1990. By that order, the circuit court refused to issue a writ of mandamus to compel the Board of Education of Taylor County to hire the appellant as a gifted and learning disabilities teacher at the Taylor County Middle School. On appeal, the appellant claims that she was entitled to the appointment and that the circuit court erred in refusing to issue the writ of mandamus. After reviewing the documents and issues presented, this Court agrees and reverses the decision of the circuit court.
On July 18, 1990, the Taylor County Board of Education posted a notice indicating that there was an opening at the Taylor County Middle School for a teacher for the gifted for grades five through eight and for the learning disabled for grade six. Five individuals applied for the opening, including the appellant and Melba Barlow.
The Board of Education of Taylor County selected Melba Barlow, and the appellant, who claimed that she was better qualified than Ms. Barlow, filed a petition for a writ of mandamus with the Circuit Court of Taylor County. In the petition, she prayed that the circuit court direct the board of education to appoint her to the position.
A hearing was conducted on the appellant's petition on September 18, 1990. The evidence adduced during that hearing showed that Melba Barlow, the individual who was hired for the opening, had been employed by the Board of Education of Taylor County for two years as a substitute teacher. Ms. Barlow had a bachelor's degree and was certified to teach grades one through six. Ms. Barlow had taught approximately one hundred and fifty days during each of the two years and had had experience teaching learning disabled and gifted students at the middle school level. The principal at the middle school gave Ms. Barlow a strong recommendation for the open position.
The evidence also showed that the appellant had had fourteen years teaching experience in the Pleasants County school system. She also had two and one-half years of substitute teaching experience. The appellant *735 had a master's degree and was certified to teach grades K through eight.
At the time the decision to hire Ms. Barlow was made, neither Ms. Barlow nor the appellant had received a certificate to teach gifted children, although the appellant was in the process of obtaining such a certificate.
The evidence further showed that both Ms. Barlow and the appellant were permittable or could obtain a permit from the State Department of Education to hold the position which was open. The other three applicants apparently were not permittable.
At the conclusion of the hearing, the Circuit Court of Taylor Court ruled from the bench that the appellant was not entitled to the writ of mandamus which she sought. A formal order denying the writ dated September 27, 1990, was subsequently entered. In that order, the court ruled that the board of education did not abuse its discretion, or act inappropriately, in determining that Melba Barlow was the most qualified applicant for the learning disability/gifted position at the Taylor County Middle School.
On appeal, the appellant argues that the evidence demonstrates that Ms. Barlow was not certified to teach at the middle school level, that she had only two years' teaching experience as a substitute instead of the fourteen years which the appellant had, that the board of education relied principally on the recommendation of a principal who was not aware of the appellant's qualifications. She also claims that she was the most qualified candidate by virtue of her teaching experience and her certification and that, under the circumstances, the board of education acted arbitrarily and capriciously in failing to hire her.
While this Court has recognized that county boards of education have discretion in matters relating to the hiring of school personnel, the Court has also indicated that the discretion must be exercised in a manner which best promotes the interest of the schools. The rule, as set forth in syllabus point 3 of Dillon v. Board of Education of the County of Wyoming, ___ W.Va. ___, 351 S.E.2d 58 (1986), states:
County boards of education have substantial discretion in matters relating to the hiring, assignment, transfer, and promotion of school personnel. Nevertheless, this discretion must be exercised reasonably, in the best interests of the schools, and in a manner which is not arbitrary and capricious.
The State Board of Education has recognized that the interests of the schools will best be promoted when hiring decisions are made on the basis of the qualifications of the person hired, and has stated in its Policy No. 5113 that "[C]ounty superintendents are obligated to utilize fully qualified teachers when they are available."
In Johnson v. Cassell, ___ W.Va. ___, 387 S.E.2d 553 (1989), a case which is quite similar to the case presently under consideration, this Court recognized that the various laws and policies relating to the hiring of teachers require that the best qualified teacher be hired. The Court also recognized that, where there is a question of whether a county board of education acted to hire the most qualified individual, mandamus is an appropriate remedy to control the board in the exercise of its discretion upon a showing of caprice, passion, partiality, fraud, arbitrary conduct, some ulterior motive or misapprehension of the law. This essentially is the rule stated in syllabus point 4 of Dillon v. Board of Education of the County of Wyoming, supra:
Mandamus will lie to control a board of education in the exercise of its discretion upon a showing of caprice, passion, partiality, fraud, arbitrary conduct, some ulterior motive, or misapprehension of the law.
In Johnson v. Cassell, there was an opening in the Hampshire County Schools for a gifted-education teacher. Two individuals applied. One was qualified and certified by the State to teach in the areas of general science and mathematics. He did not possess a master's degree and was not certified to teach special education or gifted education and had no experience in teaching gifted-education. He, however, was hired over another individual, Robert *736 Johnson, who had a master's degree in special education and who was specially qualified and certified in the field of gifted education. This Court concluded that the board of education acted arbitrarily and capriciously by failing to place the most qualified applicant in the position for which Mr. Johnson had applied. Accordingly, the Court issued a writ of mandamus to compel the Board of Education of Hampshire County to hire Mr. Johnson.
The position in the present case was a position for a teacher of the gifted for grades five through eight and for a teacher for the learning disabled for grade six. Ms. Barlow, the individual hired, was certified to teach only grades one through six. The appellant, on the other hand, was certified to teach grades K through eight. Additionally, Ms. Barlow had a bachelor's degree, while the appellant had a master's degree, and the appellant was close to obtaining, and apparently has subsequently actually obtained, certification to teach the gifted. Ms. Barlow apparently was not in the process of obtaining such certification and apparently has not obtained it.
After reviewing the record, this Court believes that the appellant was clearly the individual most qualified to fill the position opening which was available. The opening required a teacher for grades seven and eight, as well as for grades five and six. Whereas Ms. Barlow was qualified and certified to teach grades five and six, she was not certified to teach grades seven or eight. On the other hand, the appellant was qualified and certified to teach in grades five, six, seven, and eight. The appellant overall had more education, more teaching experience, and had advanced training in the teaching of the gifted which has since resulted in her certification to teach the gifted.
Under the circumstances, the Court finds that the Board of Education of Taylor County acted arbitrarily and capriciously by failing to place the most qualified applicant in the position which was available. In line with the holding in Dillon v. Board of Education of the County of Wyoming, supra, the Court believes that the writ of mandamus which the appellant seeks should issue and that the circuit court erred in failing to grant the appellant the relief which she seeks.
For the reasons stated, the judgment of the Circuit Court of Taylor County is reversed, and this case is remanded with directions that the circuit court issue a writ of mandamus to compel the Board of Education of Taylor County to place the appellant in the position of gifted learning disabilities teacher at the Taylor County Middle School and that the court award her back pay with seniority, interest, and benefits, and award her the costs of bringing the action, including reasonable attorney fees.
Reversed and remanded with directions.