447 S.E.2d 599

**WEBSTER COUNTY BOARD OF EDUCATION, Petitioner Below, Appellee,**

v.

**Wanetta JOHNS, Respondent Below, Appellant.**

No. 21965.

Supreme Court of Appeals of West Virginia.

Submitted May 4, 1994.

Decided July 20, 1994.

Jack Alsop, Webster Springs, for appellee.

John Everett Roush, West Virginia School Service Personnel Assoc., Charleston, for appellant.

WORKMAN, Justice:

Wanetta Johns appeals from an order of the Circuit Court of Webster County which reversed the May 26, 1988, decision of a hearing examiner awarding her instatement to the kindergarten aide position to which she claimed entitlement. Having carefully reviewed this matter, we reverse.

Ms. Johns was employed as an Aide IV by the Webster County Board of Education ("Board") during the 1986–87 school year and was assigned to Glade Elementary School

("Glade") as a Chapter One[1] Aide for the seventh and eighth grade classrooms. Towards the end of the 1986–87 school year, the principal, Mr. Friend, informed Ms. Johns that a new kindergarten aide position was going to be created for the 1987–88 school year at Glade. Given her interest in the forthcoming position and previously-scheduled surgery during the anticipated posting period for the position, Mr. Friend agreed to accept Ms. Johns' application for the position early. Accordingly, she tendered her application to Mr. Friend on June 3, 1987.

The new kindergarten aide position was first posted on June 9, 1987, and then reposted on June 14, 1987. Although Ms. Johns was the most senior applicant for the position, Sharon Weese, an aide with six years less seniority than Ms. Johns was awarded the new kindergarten aide position.[2] The record reflects that Ms. Weese did not apply for the kindergarten aide position.[3] Ms. Johns was given an aide position in a newly-created classroom at Glade for children whose academic level placed them between kindergarten and first grade.[4]

Based on these placements, Ms. Johns filed a grievance seeking instatement to the kindergarten aide position at Glade on September 14, 1987. See W.Va.Code §§ 18–29–1 to –11 (1994). The grievance was denied at the first three levels, but granted at the fourth level pursuant to the hearing examiner's decision dated May 26, 1988.[5] The Board filed an appeal with the circuit court challenging the hearing examiner's decision as being contrary to law and clearly wrong. See W.Va.Code § 18–29–7. By order dated May 13, 1993, the circuit court reversed the decision of the hearing examiner.[6]

The issue, as framed by the Board, is whether a building principal has discretion to place an employee in any position within the school provided that the placement does not require the employee to alter the employee's classification category. The Board's position is simply that Mr. Friend, as principal, had the discretion regarding which aide position Ms. Johns should be assigned to, notwithstanding her undisputed seniority as between herself and Ms. Weese. In support of its argument, the Board states that this Court has held that county boards of education have substantial discretion in matters relating to the hiring, assignment, transfer, and promotion of school personnel. See *Board of Educ. v. Enoch*, 186 W.Va. 712, 414 S.E.2d 630 (1992); *Egan v. Board of Educ.*, 185 W.Va. 302, 406 S.E.2d 733 (1991).

■ This Court stated in syllabus point three of *Dillon v. Board of Education*, 177 W.Va. 145, 351 S.E.2d 58 (1986), that "[c]ounty boards of education have substantial discretion in matters relating to the hiring, assignment, transfer, and promotion of school personnel. Nevertheless, this discretion must be exercised reasonably, in the best interests of the schools, and in a manner which is not arbitrary and capricious." In this case, the hearing examiner found that "[b]ased upon his belief that ... [Ms. Johns'] experience in the federal Chapter One program would be beneficial in the new federal program the building principal reassigned her to the early childhood program for 1987–88." The Board maintains that in placing Ms. Johns in the aide position for the class

1. Chapter One is apparently funded, at least in part, through federal funds.

2. At the time of her application for the kindergarten aide position, Ms. Johns had thirteen years seniority as an aide.

3. Ms. Weese was previously an aide in a special education classroom at Glade.

4. This class was created in August 1987 pursuant to the federal Early Childhood Assistance Program (ECAP).

5. The hearing examiner's decision was predicated on the fact that Ms. Johns did not even apply for the position to which she was assigned and further, on the grounds that a school principal does not have the authority to "assign[,] transfer, promote, demote or suspend school personnel. W.Va.Code, 18A–2–7 and 18A–2–9...."

6. The basis of the circuit court ruling was its conclusion "that pursuant to provisions of Chapter 18A, Article 4, Section 8B of the Code of West Virginia, that a Board of Education and a building principal did have the discretion to place service personnel in a particular classroom when such placement does not transfer said service personnel to another classification category or to a different place of employment."

comprised of students not yet ready for first grade, the principal was properly exercising discretion reposed in the county boards of education to make decisions "which best promote the interest of the schools." *Egan,* 185 W.Va. at 304, 406 S.E.2d at 735.

The Board argues that the Mr. Friend should not be second-guessed in the exercise of his discretion that Ms. Johns was the preferred aide for the ECAP kindergarten/first grade classroom. In *Enoch,* we looked at this issue of discretion as it pertains to teachers [7] and ruled that "[a] board of education making a hiring decision should use its best professional judgment to select the applicant *best suited to the needs of the students* based on qualifications and evaluations of the applicants' past service." 186 W.Va. at 716, 414 S.E.2d at 634.

Ms. Johns, as an aide, is governed by the statutory provision that addresses the filling of service personnel [8] positions. That statute, provides:

·A county board of education shall make decisions affecting promotion and filling of any service personnel positions of employment or jobs occurring throughout the school year that are to be performed by service personnel as provided in section eight [§ 18A–4–8], article four of this chapter, on the basis of seniority, qualifications and evaluation of past service.

Qualifications shall mean that the *applicant* holds a classification title in his category of employment as provided in this section and must be given first opportunity for promotion and filling vacancies. Other employees then must be considered and shall qualify by meeting the definition of the job title as defined in section eight, article four of this chapter, that relates to the promotion or vacancy. If the employee so requests, the board must show valid cause why an employee with the most seniority is not promoted or employed in the position *for which he applies. Applicants* shall be considered in the following order:

(1) Regularly employed service personnel;

(2) Service personnel whose employment has been discontinued in accordance with this section;

(3) Professional personnel who held temporary service personnel jobs or positions prior to the ninth day of June, one thousand nine hundred eighty-two, and who apply only for such temporary jobs or positions;

(4) Substitute service personnel; and

(5) New service personnel.

W.Va.Code § 18A–4–8b(b) (1988) (emphasis supplied).

While the Board prefers to couch the issue presented in this case as the scope of discretion imposed in school principals, we believe the case turns on a different issue. In reading the controlling statute, West Virginia Code § 18A–4–8b(b),[9] the term "applicant" or "apply" appears throughout. Importantly, Ms. Weese, the aide given the kindergarten position to which Ms. Johns claims entitlement, did not even apply for the position. Similarly, Ms. Johns did not apply for the ECAP position to which she was assigned.[10]

---

**7.** A teacher is defined as a "professional personnel" pursuant to West Virginia Code § 18A–1–1(b) (1993), and is therefore governed by subsection a. of the statute as opposed to subsection b. *See* W.Va.Code § 18A–4–8b(a), (b) (1988). In 1990, through the creation of West Virginia Code § 18A–4–7a, which governs the employment, promotion, transfer, and seniority of professional personnel, the legislature separated these statutory provisions as they relate to service and professional personnel.

**8.** Ms. Johns qualified as "service personnel" pursuant to the definition found in West Virginia Code § 18A–1–1(e) (1993): " 'Service personnel' shall mean those who serve the school or schools as a whole, in a nonprofessional capacity, including such areas as ... aides."

**9.** Although the statute was amended in 1990 to carve out those provisions which previously pertained to professional personnel, *see supra* note 7, the statutory provisions at issue in this case pertaining to school service personnel have not been amended. *See* W.Va.Code § 18A–4–8b (1993).

**10.** During the oral argument of this case, the Court learned that Ms. Johns is no longer at Glade due to the fact that the ECAP program lost its funding. Accordingly, as a result of the principal's placement of her in a position for which she had not applied, as opposed to one for which she had applied and was qualified, Ms. Johns, despite her seniority, was forced to leave Glade, while Ms. Weese remains at Glade in the kindergarten aide position.

Given that the terms "applicant" and "apply" appear to be an integral part of West Virginia Code § 18A–4–8b, a board of education clearly exceeds its discretion in assigning an individual to a newly-created service personnel position who did not apply for the position, but was otherwise qualified for the opening, when another individual, holding the necessary qualifications and superior seniority, applied for the position. By this ruling, we do not suggest that a board of education has no discretion in filling positions, nor that a school principal lacks discretion in assignments of aides to selected groups of students, but instead we require, consistent with the statutory requirements, that this discretion does not come into play until an individual has first applied for the position opening. *See* W.Va.Code § 18A–4–8b. For example, in the event that both Ms. Johns and Ms. Weese had applied for the traditional kindergarten position, the Board would have had discretion statutorily to determine who would be the best person to fill the position after first considering the statutorily-required factors. *See* W.Va.Code § 18A–4–8b. Accordingly, because the position to which Ms. Johns claims entitlement was duly posted and because she applied for said position with the requisite qualifications and seniority, whereas Ms. Weese did not apply for the new position, Ms. Johns is entitled to the kindergarten aide position.

Based on the foregoing opinion, the decision of the Circuit Court of Webster County is hereby reversed and remanded for entry of an order reflecting the rulings herein.

Reversed and remanded.

NEELY, Justice, dissenting:

I dissent because this case exalts form over substance. Schools are designed for students, not for staff. We must resist allowing the means to become the ends in all of government, but particularly in education.