374 S.E.2d 184

**STATE of West Virginia ex rel. Robert J. OSER**

v.

**Donald A. HASKINS, Superintendent; Bd. of Educ. of the County of Marshall.**

No. 18373.

Supreme Court of Appeals of West Virginia.

Oct. 26, 1988.

Wray V. Voegelin, O'Brien, Casidy & Gallagher, Wheeling, for Robert J. Oser.

Thomas E. White, P.A., Moundsville, for Donald A. Haskins.

PER CURIAM:

This is an appeal from a final order of the Circuit Court of Marshall County, entered on July 20, 1987, which denied the petition of the appellant, Robert J. Oser, for a Writ of Mandamus to compel the Board of Education of the County of Marshall to employ him as a learning disabilities teacher at Union Junior High School. The appellant contends that the circuit court erred in concluding that the board's decision was not arbitrary, capricious, or an abuse of discretion. We agree, and we reverse the judgment of the circuit court.

The facts giving rise to this dispute are essentially uncontroverted. On August 26, 1986, Donald A. Haskins, Superintendent of the Marshall County Schools, posted a notice of a vacancy in the position of a learning disabilities teacher at Union Junior High School. The notice specified that the qualifications for the position were a valid West Virginia teaching certificate in the area of learning disabilities and a master's degree in special education with specialization in learning disabilities.

The four applicants who applied for the position were Robert J. Oser, the appellant, Kimberly Thompson, Gary V. Chambers and Richard J. Schoene, II, who was employed.[1] At the time of the vacancy, the appellant possessed a permanent professional teaching certificate with a certified specialization in learning disabilities, had completed his master's degree in speech communication, had an additional thirty graduate hours leading to his certification in learning disabilities and behavioral disorders, and had taught full time for thirteen years with four and three years experience in special education and learning disabilities, respectively. Mr. Schoene had a professional teaching certificate issued provisionally in physical education and safety, a teaching permit in learning disabilities, had completed fifteen graduate hours in special education, and had been a substitute teacher for one year.

After reviewing the applications, Superintendent Haskins discussed them with the appropriate school administrators. Mr. Haskins did not interview any of the applicants but believed that Mr. Schoene had been interviewed previously. There is some dispute about whether the appellant was contacted concerning the position, but all agreed that the appellant was never formally interviewed.

On September 9, 1986 the Board of Education approved the superintendent's recommendation of Mr. Schoene for the teaching position at Union Junior High School. On October 11, 1986, the appellant, petitioner below, sought a writ of mandamus to oust Mr. Schoene and to hire the appellant. By hearing on December 10, 1986 it was agreed that the presentation of evidence below would occur by way of depositions, documentary evidence, and by stipulation.

The evidence presented below shows that Mr. Schoene was issued a permit to be a learning disabilities teacher by the West Virginia Board of Education in 1984 and the permit was renewed in 1985 and 1986. Mr. Schoene's permit was issued pursuant to State Board Policy 5113 which requires continued employment in the field and then allows "the issuance of permits licensing for school personnel who cannot meet the standards established for a Professional Certificate." When Mr. Schoene's permit was issued he did not have the required teaching assignment in learning disabilities.

The evidence further shows that Superintendent Haskins considered the following negative facts about the appellant: (1) his teacher's contract with another school district, (2) his prior terminations of employ-

---

1. Ms. Thompson, who later withdrew her application, had a master's degree in learning disabilities, met the requirements for a professional teaching certificate and had no full time teaching experience. Mr. Chambers, who is not a party in this civil action, met the requirements for a professional teaching certificate in learning disabilities, had completed nine graduate hours in special education and had seven years full time teaching experience in music.

ment with Marshall County and a Florida high school, (3) parental complaints, and (4) specific incidents with students.[2] Except for a telephone call to Florida, Mr. Haskins did not attempt to verify any of these allegations. Mr. Haskins could only recall one incident concerning a student, but later acknowledged that the board supported the appellant and expelled the student. The appellant's personnel file contained no documentation of any of these concerns.

The record shows the appellant's teaching evaluations from his previous employment in Marshall County were favorable. The evidence also shows that the appellant exceeded the standard in every evaluated area in his evaluations from Kanawha County for the seven years immediately preceding his application.

By order entered on July 20, 1987, the circuit court ruled that it would not reverse the Board because the conduct of appellees in hiring Mr. Schoene was within their power and discretion and in the court's view they did not abuse that power or discretion. It is from this order, denying his application for a writ of mandamus, that Mr. Oser now appeals.

Whether the appellees abused their power or discretion must be determined by reviewing the process used by the appellees to fill the vacancy to see if this process conforms to applicable state law. The appellees are required to consider first the qualifications and then the seniority of the individuals in filling a vacant teaching position.

■ *W.Va. Code,* 18A–4–8b(a) [1983], provides in pertinent part:

"A county board of education shall make decisions affecting promotion and filling of any classroom teacher's position occurring on the basis of qualifications. If the applicant with the most seniority is not selected for the position a written statement of the reasons shall be given to the applicant with the most seniority with suggestions for improving the applicant's qualification."

In Syllabus Point 1, *Dillon v. Bd. of Educ. of County of Wyoming,* 177 W.Va. 145, 351 S.E.2d 58 (1986), we stated that:

Under W.Va. Code 18A–4–8b(a) [1983], decisions of a county board of education affecting teacher promotions and the filling of vacant teaching positions must be based primarily upon the applicants' qualifications for the job, with seniority having a bearing on the selection process when the applicants have otherwise equivalent qualifications or where the differences in qualification criteria are insufficient to form the basis for an informed and rational decision.

In the present proceeding, the qualifications of the appellant were superior to those of Mr. Schoene. The appellant had a master's degree plus thirty graduate hours, including 24 hours in learning disabilities. Mr. Schoene had a bachelor's degree plus fifteen graduate hours in learning disabilities. A major area of dispute concerned the relative merits of the teaching certificates held by the appellant and Mr. Schoene. The appellant had a permanent professional teaching certificate with a certified specialization in learning disabilities. Mr. Schoene had a professional teaching certificate issued provisionally in other areas and an emergency teaching permit in learning disabilities.

In spite of the irregularities in the renewal of Mr. Schoene's permit, the court below held that the permit was issued merely as a matter of convenience. The court then found Mr. Schoene and the appellant equally qualified based on additional graduate hours completed after Mr. Schoene's employment.

Additionally, the court below did not consider experience. The appellant had more experience than Mr. Schoene. The appellant taught for thirteen years full time with four and three years in special education in learning disabilities, respectively. Mr. Schoene had been a substitute teacher.

---

2. Evidence was introduced concerning some additional negative facts about Mr. Oser. These facts could not have been part of the evaluation process because the information was not sought until late November or early December, 1986, some three months later.

■ The court accepted the appellees' subjective analysis of the applicants. It is evident that the appellees failed to investigate and verify the alleged negative factors concerning the appellant. In Syllabus Point 3, *Dillon v. Bd. of Educ. of County of Wyoming*, 177 W.Va. 145, 351 S.E.2d 58 (1986), we stated:

> County Boards of education have substantial discretion in matters relating to the hiring, assignment, transfer, and promotion of school personnel. Nevertheless, this discretion must be exercised reasonably, in the best interests of the schools, and in a manner which is not arbitrary and capricious.

Superintendent Haskins could not recall any instance of parental complaints. In the only student incident recalled by Mr. Haskins, the superintendent had supported the appellant. The appellant's personnel record and evaluations did not demonstrate a problem. There is no evidence that the superintendent contacted the appellant regarding these allegations. While Mr. Schoene had been interviewed, the appellant was not given that opportunity. Based on hearsay, innuendo and unfounded allegations, the appellees conducted the evaluation of the appellant and concluded he was unqualified.[3]

After examining the entire record we believe that the appellees acted arbitrarily and capriciously in failing fairly to evaluate the applicants by comparing their qualifications including the experience.[4] As indicated above, the appellant was better qualified and had more experience than Mr. Schoene and other applicants.

■ In Syllabus Point 4, *Dillon v. Bd. of Educ. of County of Wyoming*, 177 W.Va. 145, 351 S.E.2d 58 (1986) we stated:

> Mandamus will lie to control a board of education in the exercise of its discretion upon a showing of caprice, passion, partiality, fraud, arbitrary conduct, some ulterior motive, or misapprehension of the law.

Under this rule, we believe that a writ of mandamus should have been issued directing the appellees to appoint the appellant to the position of a learning disabilities teacher at Union Junior High School, with salary and any applicable benefits, if appropriate, retroactively to August 26, 1986 in accordance with *W.Va. Code*, 18A-4-8b [1983], subject, of course, to appropriate principles of mitigation.[5] *See Mason County Bd. of Educ. v. State Superintendent of Schools*, 170 W.Va. 632, 295 S.E.2d 719 (1982).

Accordingly, the judgment of the Circuit Court of Marshall County is reversed, and the case is remanded with directions to enter an order consistent with this opinion and to award attorneys' fees in accordance with the provisions of *W.Va. Code*, 18A-4-8b [1983].[6]

**REVERSED AND REMANDED WITH DIRECTIONS.**

---

3. The record does not reflect that the evaluation of the appellant took place before September 9, 1986. See Note 1.

4. The record reflected that a subsequent vacancy occurred requiring a teacher with certification in physical education and learning disabilities. Mr. Schoene meets these requirements and could be considered for this position.

5. Although the record indicates that the appellant was employed for the school year 1986–87, the record is unclear concerning the appellant's subsequent employment. Further exploration should ascertain if the appellant should be awarded back pay. In any event, seniority and other similar benefits should be awarded from August 26, 1986.

6. *W.Va. Code*, 18A–4–8b [1983], in material part, provides: "Any board failing to comply with the provisions of this article may be compelled to do so by mandamus and shall be liable to any party prevailing against the board for court costs and his reasonable attorney fee, as determined and established by the court."