400 S.E.2d 613

**William Robert STATON**

v.

**The WYOMING COUNTY BOARD OF EDUCATION.**

No. 19564.

Supreme Court of Appeals of West Virginia.

Dec. 20, 1990.

---

370

Lee H. Adler, Beckley, for William Robert Staton.

Kathryn Bayless, Bayless, Wills & Archer, Princeton, for Wyoming County Bd. of Educ.

PER CURIAM:

The appellant, William R. Staton, seeks reversal of a final order of the Circuit Court of Wyoming County, dated June 28, 1989, in which the court refused to award the appellant the principalship of Mullens High School.[1] The appellant contends that the trial court erred 1) in failing to grant his petition for writ of mandamus requesting that he be awarded the principalship; and 2) in calculating the accrual of seniority for professional educators who have also obtained administrative certification. We

1. The appellant is no longer employed by the appellee, having retired in July 1989.

disagree with the contentions of the appellant and therefore affirm the decision of the circuit court.

The appellant was one of three applicants for the principalship of Mullens High School when that position became available in 1988.[2] The appellant had received his principal's certificate on December 20, 1975, had thirty-one years overall seniority, had served as the principal of Herndon High School for the four years immediately preceding his application, had served as assistant principal at Mullens High School from 1972 to 1984, and was classified for salary purposes as masters plus thirty.[3]

Mr. Don E. Nuckols, the successful applicant for the position, had received his principal's certificate on August 15, 1970, had twenty-eight years overall seniority, had never served as a principal, but had served as the assistant principal at Mullens High School for the four years immediately preceding his application, and was classified for salary purposes as masters plus thirty.

After an extensive interviewing process, Gerald Short, Superintendent of the Wyoming County Board of Education (hereinafter referred to as "the Board"), recommended to the Board that Mr. Nuckols be offered the principalship. The Board voted on the proposal and determined that the position would be offered to Mr. Nuckols. Although the superintendent testified that his decision to recommend Mr. Nuckols was based upon the qualifications of the various candidates, he informed the Board members that the determination was also based upon seniority concerns. Specifically, Mr.

Nuckols had obtained his principal's certificate in 1970, and the appellant had not obtained his until 1975.

The appellant filed a "Petition for a Writ of Mandamus and/or Prohibition" with the Circuit Court of Wyoming County on August 7, 1988. In his petition, the appellant alleged that he was entitled to the position because 1) he was the best qualified candidate, 2) he had greater seniority than Mr. Nuckols, and 3) the Board had based its decision upon a misinterpretation of the seniority provisions of W.Va.Code § 18A–4–8b (1988).[4]

On May 17, 1989, the circuit court heard evidence on the matter and, by order dated June 28, 1989, held that Mr. Nuckols was entitled to the principalship at Mullens High School. The court reasoned that the appellant did not have greater principal seniority and that the appellant was not better qualified. The court determined that the "principal's seniority" of the candidates should be determined by the dates of their principal's certificates, 1970 for Mr. Nuckols and 1975 for the appellant. Consequently, the court denied the appellant's petition for a writ of mandamus and held that Mr. Nuckols was entitled to the position.

■ While we affirm the final conclusion of the circuit court, we do not believe that the issue of calculation of seniority should have entered into the court's rationale. As the appellee contends, the lower court could have legitimately resolved the issue

2. The applicants for the position included the appellant, Mr. Don E. Nuckols, and Mr. Richard Davidson. Mr. Nuckols was the successful applicant for the position, and the appellant challenges the Wyoming County Board of Education's decision in that regard. The third candidate, Mr. Davidson, is not a party to this action and has not, to this Court's knowledge, challenged the decision of the Board. Consequently, we will focus our analysis on the relative qualifications of Mr. Nuckols and the appellant.

3. "Masters plus thirty" is a salary classification denoting that an individual has obtained his master's degree and has completed thirty additional hours of course work. The successful applicant for the position in this case, Mr. Don

E. Nuckols, was also classified for salary purposes as masters plus thirty. Thus, the classification was not a basis for distinction between Mr. Nuckols and the appellant and is not relevant to the dispute in question.

4. Pursuant to the pertinent portions of W.Va. Code § 18A–4–8b(a), in effect during the relevant time period, the "seniority of professional personnel shall be determined on the basis of the length of time the employee has been professionally employed by the county board of education. For purposes of establishing seniority as hereinafter provided, when an employee holds valid certification or licensure in one or more areas, the seniority shall accrue in each area."

on the basis of the qualifications of the candidates rather than engaging in a detailed analysis of the accrual of seniority.

■ " 'Under W.Va.Code, § 18A-4-8b(a) [1983], decisions of a county board of education affecting teacher promotions and the filling of vacant [professional personnel] positions must be based primarily upon the applicants' qualifications for the job, with seniority having a bearing on the selection process when the applicants have otherwise equivalent qualifications or where the differences in qualification criteria are insufficient to form the basis for an informed and rational decision.' Syllabus Point 1, *Dillon v. Bd. of Educ. of the County of Wyoming*, 177 W.Va. 145, 351 S.E.2d 58 (1986)." Syl. Pt. 1, *State ex rel. Oser v. Haskins*, 179 W.Va. 789, 374 S.E.2d 184 (1988).

We have inserted the language "professional personnel" in the above syllabus point in order to more thoroughly encompass the individuals to whom W.Va.Code § 18A-4-8b applies. *Dillon* applies specifically to teaching positions. Consequently, its syllabus point refers exclusively to such positions. The principles announced in *Dillon* and the manner in which the selection process should be implemented, however, apply to the broader category of "professional personnel," defined in W.Va.Code § 18A-1-1(b) (1988) as "persons who meet the certification and/or licensing requirements of the State, and shall include the professional educator and other professional employees." "Professional educator" is defined in W.Va.Code § 18A-1-1(c)(2) as specifically including principals.

In the present case, Superintendent Short conducted thorough interviews and concluded that the qualifications of Mr. Nuckols were superior to those of the appellant. Furthermore, the superintendent was able to articulate a reasonable basis for his conclusion, based both upon Mr. Nuckols' demonstrated ability to communicate effectively with students, parents, fellow-educators, and the community, and Mr. Nuckols' ideas and plans relating to curriculum development.

In *Oser*, we reiterated the principles enunciated in *Dillon* and stated that the decision-making entity is "required to consider first the qualifications and then the seniority of the individuals in filling a vacant teaching position." *Oser*, 179 W.Va. at 791, 374 S.E.2d at 186. Furthermore, " '[c]ounty boards of education have substantial discretion in matters relating to the hiring, assignment, transfer, and promotion of school personnel. Nevertheless, this discretion must be exercised reasonably, in the best interests of the schools, and in a manner which is not arbitrary and capricious.' Syllabus Point 3, *Dillon v. Bd. of Educ. of the County of Wyoming*, 177 W.Va. 145, 351 S.E.2d 58 (1986)." Syl. Pt. 2, *Oser*, 179 W.Va. at 789, 374 S.E.2d at 184.

■ Upon examination of the facts in the present case, we conclude that the Board did not abuse its discretion by failing to hire the appellant as the principal of Mullens High School. The superintendent conducted thorough investigation and evaluation of the candidates' qualifications, credentials, and experience in order to determine which candidate was best qualified for the principalship. Prior to making his recommendation to the Board on June 29, 1988, Superintendent Short had interviewed Mr. Nuckols and the appellant and had reviewed their personnel files. Superintendent Short testified that complaints had been received from parents of students at Herndon High School regarding the appellant's ability to manage disciplinary problems while he was serving as principal. The frequency of the complaints apparently indicated that the appellant had considerable difficulty communicating with parents and students. The problems were not so severe, however, as to require a formal improvement plan initiated under state board policy. Furthermore, the superintendent addressed these considerations with the appellant and offered the appellant an opportunity to comment thereon. The appellant recollected some of the incidents identified by the superintendent, but he was unable to offer explanation or further development. In evaluating the relative qualifications of the candidates, the superintendent engaged in more than just a

cursory overview of the candidates' credentials. Such a thorough investigation is essential for the proper determination of the individual best suited for the position of principal and is well within the discretionary authority of the superintendent.

The superintendent also testified that Mr. Nuckols had demonstrated innovative curriculum and disciplinary ideas and had developed an excellent rapport with the community. After thorough interviewing and investigation, the superintendent submitted his recommendation to the Board. The Board voted on the proposal and decided to hire Mr. Nuckols as principal of Mullens High School. We fail to perceive any abuse of discretion by the superintendent or the Board.

The appellant contends that the Board's decision was based upon issues of seniority rather than qualifications. Consequently, the appellant requests that we address our decision to the appropriate manner of calculating the accrual of seniority for professional educators who have also obtained administrative certification. We decline to do so in the present case because we find that the decision to employ Mr. Nuckols rather than the appellant was appropriately based upon the qualifications of the candidates. Pursuant to *Dillon*, where a determination is based upon an evaluation of the relative qualifications of candidates, the issue of seniority is not decisive.[5] When "one candidate ... is clearly more qualified, the seniority of another applicant will not be sufficient to justify denying the position to the more qualified applicant." *Dillon*, 177 W.Va. at 149, 351 S.E.2d at 62.

Accordingly, the judgment of the Circuit Court of Wyoming County is affirmed.

Affirmed.

---

5. Furthermore, any confusion created by W.Va. Code § 18A–4–8b regarding accrual of seniority has been resolved by the alterations and amendments governing the manner in which employment, promotion, and seniority questions shall be resolved by county boards of education, as implemented in W.Va.Code § 18A–4–7a (1990). For instance, the seniority issue raised in this case regarding the date upon which an individual received his principal's certificate would be more easily resolved under the new statute. It provides the following:

> professional employees ... shall gain seniority in their non-teaching area of professional employment on the basis of the length of time the employee has been employed by the county board of education in that area: *Provided*, That if an employee is certified as a classroom teacher, the employee accrues classroom teaching seniority for the time that that employee is employed in another professional area. For purposes of accruing seniority under this paragraph, employment as principal, supervisor or central office administrator, ... shall be considered one area of employment. *Id.*