406 S.E.2d 687

**Patricia POCKL, Plaintiff Below, Appellant,**

v.

**OHIO COUNTY BOARD OF EDUCATION, Defendant below, Appellee.**

**No. 19935.**

Supreme Court of Appeals of West Virginia.

Submitted May 7, 1991.

Decided June 13, 1991.

John E. Gompers, Gompers, Buch, McCarthy & McClure, Wheeling, for Pockl.

Arthur M. Recht, Volk, Frankovitch, Anetakis, Recht, Robertson & Hellerstedt, Wheeling, for Bd. of Educ.

MILLER, Chief Justice:

This case is before us on appeal by Patricia Pockl, the plaintiff below, from an order of the Circuit Court of Ohio County entered on May 7, 1990. That order upheld the decision of the hearing examiner of the West Virginia Education and State Employees Grievance Board and denied the plaintiff's request for a writ of mandamus compelling her appointment as assistant principal of Wheeling Junior High School. The plaintiff asks us to reverse that decision. For the reasons set forth below, we decline to do so.

In August, 1988, the Ohio County Board of Education (BOE), the defendant below, posted an announcement of vacancy for the position of assistant principal at Wheeling Junior High School. The plaintiff applied for the position, as did six other individuals. The applicants were all screened through a process which included an interview with a committee consisting of the principal and other staff members of Wheeling Junior High School as well as a series of written questions.

After completion of the interviews, the committee recommended two applicants to the principal. The committee did not recommend the plaintiff, indicating to the principal that they had found her to be rigid and lacking a sense of humor. Nevertheless, the principal invited the plaintiff for an interview with him. The two individuals recommended by the committee and one other applicant were also interviewed by the principal. At the conclusion of these interviews, the principal recommended Daniel Coram for the position. This recommendation was ultimately accepted by the BOE, and Mr. Coram was given the position.

In response to the hiring decision, the plaintiff filed a grievance which was denied at every level. She then appealed to the circuit court seeking a writ of mandamus, which was denied by the order of May 7, 1990.

The plaintiff contends that she is entitled to the position because she is more qualified than Mr. Coram. She points out that her Master's Degree is in Education Administration, while Mr. Coram's is in Speech Communication, and that she has more credit hours above her Master's than does Mr. Coram. She notes that she has more seniority with the Ohio County school system and that, unlike Mr. Coram, she has held paid administrative positions as a math supervisor and as an assistant principal. While both Mr. Coram and the plaintiff possess the required principal's certificate, the plaintiff also has a supervisor's certificate and a superintendent's certificate. The plaintiff has also taught college courses and has been heavily involved in educational committee work on the local, state, and national levels.

The BOE acknowledges that the plaintiff has impressive qualifications, yet it maintains that Mr. Coram is the most qualified applicant for the position of assistant principal at Wheeling Junior High School. Although Mr. Coram has not held a paid administrative position with the BOE, it points out that he has performed significant administrative functions in his positions as physical education teacher and coach. He has, like the plaintiff, participated in curriculum development and served on state and local committees. He has been involved in the development of the Wheeling Junior High School Boosters and pioneered the "ninth period" concept, which provides supervised study time for school athletes prior to practice.

During extensive testimony at the Level IV grievance hearing, the principal of Wheeling Junior High School explained that Mr. Coram was hired because his experience was more appropriate to the position of assistant principal at the school than was the plaintiff's. He explained that Wheeling Junior High School's unique character as a school bringing together students from diverse social backgrounds requires an individual with the ability to work with various groups in the school and in the community. The hiring decision was based, he said, on Mr. Coram's demonstrated ability to work with these various groups. He felt that the plaintiff's extensive experience as a central office administrator would not provide as useful a background for the assistant principal position at Wheeling Junior High School.

■ The plaintiff argues that the BOE's hiring decision was based upon subjective factors and is, therefore, in violation of W.Va.Code, 18A–4–8b (1983), which requires appointments to be based on qualifications, as set out in Syllabus Point 1 of *Dillon v. Board of Education*, 177 W.Va. 145, 351 S.E.2d 58 (1986):

"Under W.Va.Code, 18A–4–8b(a) (1983), decisions of a county board of education affecting teacher promotions and the filling of vacant teaching positions must be based primarily upon the applicants' qualifications for the job, with seniority having a bearing on the selection process when the applicants have otherwise equivalent qualifications or where the differences in qualification criteria are insufficient to form the basis for an informed and rational decision."[1]

W.Va.Code, 18A–4–8b(a) (1983), provides, in pertinent part: "A county board of education shall make decisions affecting promotion and filling of any classroom teacher's position occurring on the basis of qualifications." W.Va.Code, 18A–1–1(c)(1) (1981), defines a "classroom teacher" as "[t]he professional educator who has direct instructional or counseling relationship with pupils, spending the majority of his time in this capacity." It is apparent that

1. W.Va.Code, 18A–4–8b (1983), was amended by the 1990 Acts of the Legislature, 3rd Extraordinary Session, Chapter 4. This amendment removed the provisions relating to classroom teachers and other professional personnel and placed them in a new section designated W.Va. Code, 18A–4–7a (1990). The new statute contains a number of substantial changes when compared to the text of former W.Va.Code, 18A–4–8b (1983).

an assistant principal does not fall into this category.[2]

Although the Code does not specifically define "assistant principal," W.Va.Code, 18A–1–1(c)(2) (1981), defines "principal" as:

"The professional educator who as agent of the board has responsibility for the supervision, management and control of a school or schools within the guidelines established by said board. The major area of such responsibility shall be the general supervision of all the school and all school activities involving pupils, teachers and other school personnel."

There can be little doubt that an assistant principal shares in a subordinate fashion the same duties as the principal. We believe that the legislature's careful use of the term "classroom teacher" in W.Va. Code, 18A–4–8b, was designed to require that as to these individuals, the promotion and filling of their vacancies was to be done on the basis of qualifications.

With regard to principals and assistant principals who do not meet the definition of classroom teachers, there is a more flexible standard. We recognized this in a related issue in *Board of Education v. Bowers*, 183 W.Va. 399, 396 S.E.2d 166 (1990). There, certain central office personnel claimed that during a reduction in force, they should have central office seniority, thereby displacing other less senior central office administrators. We analyzed W.Va. Code, 18A–4–8b, and pointed out that it provided for no central office seniority. Rather, teachers who advance to the central office still continue to accrue their professional seniority the same as if they were teaching. We concluded that since there was no specific statutory authorization for central staff seniority, we could not create it.

■ Here, in the absence of any specific statutory language encompassing principals or assistant principals within the definition of classroom teachers, they cannot be accorded the benefit of W.Va.Code, 18A–4–8b, which requires that hiring must be based primarily on qualifications.

■ Even though the qualification standard of W.Va.Code, 18A–4–8b, is not applicable in this case, the BOE must exercise its discretion reasonably to the end that it should not act arbitrarily or capriciously, as we held in Syllabus Point 3 of *Dillon v. Board of Education, supra:*

"County boards of education have substantial discretion in matters relating to the hiring, assignment, transfer, and promotion of school personnel. Nevertheless, this discretion must be exercised reasonably, in the best interests of the schools, and in a manner which is not arbitrary and capricious."

*See also Johnson v. Cassell*, 182 W.Va. 317, 387 S.E.2d 553 (1989); *State ex rel. Oser v. Haskins*, 179 W.Va. 789, 374 S.E.2d 184 (1988).

■ Both the hearing examiner and the circuit court found that the BOE did exercise its discretion reasonably, in the best interest of the school, and in a manner which was not arbitrary and capricious. At the level IV hearing, there was extensive testimony regarding the duties of the assistant principal at Wheeling Junior High School and Mr. Coram's suitability for the position. The hearing examiner found that the BOE "made a reasoned, rational decision ... that the successful applicant was more qualified for the position in question than was the grievant."

■ The standard of review for a decision of a hearing examiner was articulated as follows in Syllabus Point 1 of *Randolph County Board of Education v. Scalia*, 182 W.Va. 289, 387 S.E.2d 524 (1989):

"A final order of the hearing examiner for the West Virginia Educational Employees Grievance Board, made pursuant to W.Va.Code, 18–29–1, *et seq.* (1985),

---

**2.** We specifically overrule Syllabus Point 1 of *Staton v. Wyoming County Board of Education,* 184 W.Va. 369, 400 S.E.2d 613 (1990), to the extent that it inserted the bracketed phrase "[professional personnel]" in Syllabus Point 1 of *Dillon v. Board of Education of the County of* *Wyoming,* 177 W.Va. 145, 351 S.E.2d 58 (1986). *Staton* was a *per curiam* opinion which changed the statutory term "classroom teachers" to "professional personnel," thereby impermissibly broadening the covered class.

and based upon findings of fact, should not be reversed unless clearly wrong."

We find the conclusion of the hearing examiner not to be clearly wrong, as did the circuit court, and thus decline to reverse the decision. For the reasons stated above, the decision of the Circuit Court of Ohio County is affirmed.

Affirmed.