412 S.E.2d 265

**Herbert HYRE, Jr., Plaintiff Below, Appellee,**

v.

**The UPSHUR COUNTY BOARD OF EDUCATION, Defendant Below, Appellant.**

**No. 19808.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 25, 1991.

Decided Dec. 12, 1991.

John Everett Roush, West Virginia School Service Personnel Ass'n, Charleston, for appellee.

Norman T. Farley, Law Offices of David J. Romano, Clarksburg, for appellant.

PER CURIAM:

The Upshur County Board of Education (hereinafter "Board") appeals the final order of the Circuit Court of Kanawha County entered on October 2, 1989, which reversed the decision of the hearing examiner of the West Virginia Education and State Employees Grievance Board and ordered the Board to hire the appellee, Herbert Hyre, Jr., as the supervisor of transportation of the Upshur County schools. The Board asserts that it reasonably exercised its discretion in hiring another applicant, Mr. Philip E. Hinkle, who was more qualified than the appellee for the position of supervisor of transportation and that the circuit court erred in reversing the hearing examiner's decision upholding the Board's action. We agree and accordingly, the order of the circuit court is reversed.

I

The appellee has been employed by the Board as a bus operator for over thirty-three years. In September of 1987, the Board posted a vacancy for the position of supervisor of transportation.[1] The appel-

---

1. In its announcement of personnel vacancies, the Board described some of the qualifications of the supervisor of transportation as follows: Supervisor of transportation means qualified personnel employed to direct school transportation activities, properly and safely, and to supervise the maintenance and repair of vehicles, buses and other mechanical and mobile equipment used by the county school system. The person employed in this position must have demonstrated leadership skills which are essential to supervising the employees of the Transportation Department and to meeting the needs of the boys and girls of Upshur County Schools and their parents and/or guardian. Most important, this per-

lee was one of four individuals who was considered and interviewed for that position by the superintendent of Upshur County Schools, Mr. Lynn E. Westfall, and the assistant superintendent, Dr. Richard G. Hoover. Although the appellee had more seniority than any of the other applicants, Mr. Westfall and Dr. Hoover believed that Mr. Hinkle was far more qualified for the position of supervisor of transportation and recommended that the Board hire him. The Board accepted that recommendation.

The appellee filed a grievance against the Board alleging that the failure of the Board to place him in the vacant position of supervisor of transportation violated the mandates of *W.Va.Code*, 18A-4-8b [1990]. The grievance was ultimately submitted to the hearing examiner at Level IV. The hearing examiner found that the appellee had failed to show that he met the requirements of the position of supervisor of transportation and concluded that he was not entitled to fill that position.

The appellee then appealed the hearing examiner's decision to the Circuit Court of Kanawha County. By order dated October 2, 1989, the circuit court concluded that the appellee was qualified[2] and entitled to be hired as the supervisor of transportation. It is from that decision that the Board now appeals.

## II

The Board argues that its decision in filling the position of supervisor of transportation was based upon evaluation of past service of all of the applicants and their respective qualifications to satisfy the requirements of that position, and that it exercised its discretion reasonably. The

appellee maintains that he is qualified for the position of supervisor of transportation, that he is entitled to that position by reason of his seniority, and that the circuit court correctly reversed the hearing examiner's decision. Both parties rely in part on the provisions of *W.Va.Code*, 18A-4-8b [1990] in support of their arguments.

The provisions of *W.Va.Code*, 18A-4-8b [1990] which are relevant to this case are as follows:

A county board of education shall make decisions affecting promotion and filling of any service personnel positions of employment or jobs occurring throughout the school year that are to be performed by service personnel as provided in section eight [§ 18A-4-8], article four of this chapter, *on the basis of seniority, qualifications and evaluation of past service.*

Qualifications shall mean that the applicant holds a classification title in his category of employment as provided in this section and must be given first opportunity for promotion and filling vacancies. *Other employees then must be considered and shall qualify by meeting the definition of the job title as defined in section eight, article four of this chapter, that relates to the promotion or vacancy.* If the employee so requests, the board must show valid cause why an employee with the most seniority is not promoted or employed in the position for which he applies.

(emphasis added).

None of the applicants in the case before us held the class title of supervisor of transportation.[3] In fact, each of the applicants in this case held the class title of bus

son must have demonstrated great skill in working with other employees, administrators, students, and parents in a highly positive and effective manner. In addition, this person must have demonstrated a knowledge of bus transportation procedures, transportation regulations, and bus mechanics and safety of personnel and students.

2. The circuit court believed that the Board placed too much emphasis on public relations and stated that the definition of supervisor of transportation does not stress public relations. The circuit court found that only the qualifica-

tions enumerated in the statutory definition of that position under *W.Va.Code*, 18A-4-8 could be considered by the Board.

3. Supervisor of transportation has been defined in *W.Va.Code*, 18A-4-8 [1990] as follows:

'Supervisor of transportation' means qualified personnel employed to direct school transportation activities, properly and safely, and to supervise the maintenance and repair of vehicles, buses, and other mechanical and mobile equipment used by the county school system.

operator.[4] Since none of the applicants held a classification title in this category of employment, the board had to consider, under the provisions of *W.Va.Code*, 18A–4–8b [1990], the seniority, qualifications, and evaluations of past service of each applicant.

■ We recognized the discretion of a county board of education in making decisions affecting promotion and filling of any service personnel positions of employment in syllabus point 3 of *Pockl v. Ohio County Board of Education*, 185 W.Va. 256, 406 S.E.2d 687 (1991)[5]:

'County boards of education have substantial discretion in matters relating to the hiring, assignment, transfer, and promotion of school personnel. Nevertheless, this discretion must be exercised reasonably, in the best interests of the schools, and in a manner which is not arbitrary or capricious.' Syllabus Point 3, *Dillon v. Board of Education*, 177 W.Va. 145, 351 S.E.2d 58 (1986).[6]

■ The hearing examiner, in her decision upholding the Board's action, recognized that although the appellee may be able to perform the functions of the supervisor of transportation strictly relating to the maintenance of buses and the planning of bus routes, it did not appear from the record that the appellee had the communication, cooperation and leadership skills for the position.[7] The hearing examiner found that the appellee failed to show he met the qualifications of the position and denied the grievance.

■ The standard of judicial review of a hearing examiner's final order was articulated by this Court in syllabus point 1 of *Randolph County Board of Education v. Scalia*, 182 W.Va. 289, 387 S.E.2d 524 (1989):

A final order of the hearing examiner for the West Virginia Educational Employees Grievance Board, made pursuant to W.Va.Code, 18–29–1, *et seq.* (1985), and based upon findings of fact, should not be reversed unless clearly wrong.

Based on the record before us, we do not agree with the circuit court's conclusion that the hearing examiner's decision was clearly wrong. The record shows that the appellee did not hold a classification title in the category of supervisor of transportation. Although the appellee had thirty three years of seniority as a bus operator, the appellee had no experience supervising other employees or working in an administrative capacity.[8] Moreover, another applicant, Mr. Hinkle, who was also a bus operator, had prior experience supervising employees as manager of a sawmill and super-

4. *W.Va.Code*, 18A–4–8 [1990] provides:

'Bus operator' means personnel employed to operate school buses and other school transportation vehicles as provided by the state board of education.

5. In *Pockl*, this Court concluded that principals and assistant principals are not accorded the benefit of *W.Va.Code*, 18A–4–8b which requires that hiring of classroom teachers must be based primarily on qualifications. *Id.* at 259, 406 S.E.2d at 690. Although we found that the qualification standards of *W.Va.Code*, 18A–4–8b did not apply in that case, we concluded that the Board must still exercise its discretion reasonably to the end that its action is not arbitrary and capricious.

6. *W.Va.Code*, 18A–1–1(e) [1981] defines service personnel as follows:

'Service personnel' shall mean those who serve the school or schools as a whole, in a nonprofessional capacity, including such areas as secretarial, custodial, maintenance, transportation, school lunch, and as aides.

7. During his testimony, Mr. Westfall recalled one incident in which he believed that the appellee had overreacted during a dispute with the chief mechanic. Mr. Westfall also testified that he believed: (1) the other employees did not feel the appellee "was capable of providing the kind of positive direction that was needed" for the position of supervisor of transportation; (2) the appellee "was not loyal to his previous supervisor[;]" and (3) the appellee "was constantly very publicly critical of the practices and procedures that were employed at the school bus garage[.]"

8. Mr. Westfall testified that the supervisor of transportation must work with the central office administrators and directly with the Board. Mr. Westfall stated that the supervisor of transportation must work with vendors in securing bids and with the state transportation department in the bid process. Mr. Westfall further testified that the position involved not only interpersonal communication but also public speaking skills because the supervisor of transportation must make lectures on safety, and take charge of in-service meetings.

vising general maintenance and repair at the automobile repair shop he owned. Furthermore, Mr. Hinkle has worked as a police officer for the West Virginia Department of Public Safety and has been certified as a West Virginia motor vehicle inspector.[9] The Board's decision to hire Mr. Hinkle as supervisor of transportation was based primarily on his qualifications which the Board believed exceeded those of the other applicants. The hearing examiner's decision, which was based on findings of fact, concluded that the record supported the Board's action. Since there is no indication from the record that the hearing examiner's decision was clearly wrong, we find that the circuit court erred in reversing that decision.

Thus, for the reasons stated above, we conclude that the decision of the Circuit Court of Kanawha County should be reversed.

Reversed.

9. Mr. Hinkle also had experience with public speaking by virtue of his work as an announcer and sales person for a local radio station, and he had completed a course in effective speaking and human relations.