429 S.E.2d 903

Nasia BUTCHER, Plaintiff Below, Appellant,

v.

GILMER COUNTY BOARD OF EDUCATION, Defendant Below, Appellee.

No. 21224.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 19, 1993.

Decided April 23, 1993.

254

Charles R. Garten, Charleston, for appellant.

Bernard Richard Mauser, Sutton, for appellee.

## PER CURIAM:

This is an appeal by Nasia Butcher from a December 10, 1991, order of the Circuit Court of Kanawha County denying the Appellant relief from a decision of the hearing examiner for the West Virginia Education and State Employee's Grievance Board. The Appellant contends that she should have received a teaching position with the Gilmer County Board of Education ("the Board"). We disagree and affirm the decision of the Circuit Court of Kanawha County.

### I.

The Appellant received her Bachelor's degree in Journalism, minoring in Economics and Marketing, and thereafter earned a Masters degree in Education Administration. At the time a decision on the disputed position was contemplated, she was certified to teach English and Language Arts, grades five through twelve, and was one course short of the requirements for certification in Developmental Reading. The Appellant had been employed as an administrative assistant at a community college in Logan, West Virginia, and had worked as the Director of Public Relations at Glenville State College in Glenville, West Virginia. Her actual teaching experience con-

sisted of substitute teaching for Gilmer and Calhoun Counties in the 1987–88 and 1988–89 school years. During her tenure at Calhoun County High School, she had taught English and eighth-grade Language Arts, and she had been involved with the yearbook staff. Immediately prior to her application for the position in question, the Appellant was employed by the Calhoun–Gilmer Vocational Technical Center as an itinerant English teacher.

In June 1989, the Appellant applied for a full-time teaching position of "Language Arts/Developmental Reading Teacher Gilmer County High School 7–12." The Appellant was interviewed by Superintendent of Schools James Lambert and Gilmer County High School Principal and Vocational Director Dr. Richard Butler. Subsequent to this interview, the Appellant was formally recommended by both Mr. Lambert and Dr. Butler during a July 13, 1989, meeting of the Board. The motion, however, failed for lack of a second. The position was thereafter re-posted, and the Appellant submitted her name as an applicant again. During an August 14, 1989, meeting of the Board, a motion was made to transfer Ms. Tina Lou Duelley to the position. That motion passed, and Ms. Duelley was granted the position.

The successful applicant, Ms. Duelley, was certified in Language Arts, levels five through eight. She had completed all courses for a certification in Developmental Reading but had not yet received her permit. She had been employed for five years as a elementary teacher in Gilmer County. She had also taught reading labs, newspaper classes, creative writing, and research paper classes in grades five through eight. Additionally, she had experience teaching Language Arts in grades seven and eight.

## II.

■ The Appellant contends that the lower court erred in affirming the decision of the hearing examiner and asserts that the Board inappropriately relied upon se-

niority as the dispositive issue.[1] For this Court to reverse the decision below on a factual basis, we must find that the decision is clearly wrong based upon the whole record. *Pockl v. Ohio County Bd. of Educ.*, 185 W.Va. 256, 259–60, 406 S.E.2d 687, 690–91 (1991). In syllabus point 4 of *Pockl*, we explained: " 'A final order of the hearing examiner for the West Virginia Educational Employees Grievance Board, made pursuant to W.Va.Code, 18–29–1, *et seq.* (1985), and based upon findings of fact, should not be reversed unless clearly wrong.' Syllabus Point 1, *Randolph County Board of Education v. Scalia*, [182] W.Va. [289], 387 S.E.2d 524 (1989)." *Pockl*, 185 W.Va. at 257, 406 S.E.2d at 688.

The Appellant alleges that the decision of the Board in the present case was not only factually erroneous but was also based on erroneous legal principles relating to the role of seniority in the decision-making process. The Appellant asserts that although the clearly wrong standard of review is applicable to factual questions, it is not the proper standard of review for alleged misapplication of the law. In distinguishing between the scope of judicial review of conclusions of law as opposed to findings of fact, we explained the following in syllabus point 1 of *Lough v. Cole*, 172 W.Va. 730, 310 S.E.2d 491 (1983):

> "Findings of fact by the ... [administrative agency] ... should not be set aside unless such findings are plainly wrong; however, the plainly wrong doctrine does not apply to conclusions of law by the ... [administrative agency]." Syl. pt. 1, *Kisamore v. Rutledge*, [166] W.Va. [675], 276 S.E.2d 821 (1981).

Furthermore, " '[i]n reviewing the judgment of a lower court this Court does not accord special weight to the lower court's conclusions of law, and will reverse the judgment below when it is based on an incorrect conclusion of law.' Syl. pt. 1, *Burks v. McNeel*, [164] W.Va. [654], 264 S.E.2d 651 (1980)." Syl. Pt. 1, *Pierce v.*

---

1. In addition to her arguments regarding qualification and seniority, the Appellant asserts that the Board violated several county policies relat-

ing to hiring of the best qualified candidates. We find this argument to be without merit.

*Pierce,* 166 W.Va. 389, 274 S.E.2d 514 (1981).

■ With regard to the alleged legal error, we have consistently held that seniority may become a decisive factor in the filling of vacant teaching positions only when qualifications are so similar that no meaningful distinction can be made among the applicants. *See* Syl. Pt. 1, *Dillon v. Board of Educ.,* 177 W.Va. 145, 351 S.E.2d 58 (1986). While the Appellant contends that the Board based its decision primarily on seniority without proper emphasis on qualifications, the Appellee argues that the decision was properly based upon the relative qualifications of the candidates. The Board contends that if it had in fact relied upon seniority, as the Appellant contends, a third candidate not involved in this litigation would have received the position. That third party was not granted the position, however, because her qualifications were not as strong as those of Ms. Duelley. The Appellant contends that from references by Board members to "experience," we may infer improper reliance upon "seniority" issues. As the Board stresses, however, emphasis on the relative classroom experience of the candidates does not necessarily imply that the Board was improperly relying upon the seniority question.

■ In syllabus point 1 of *State ex rel. Oser v. Haskins,* 179 W.Va. 789, 374 S.E.2d 184 (1988), we explained:

"Under W.Va.Code, 18A–4–8b(a) [1983], decisions of a county board of education affecting teacher promotions and the filling of vacant teaching positions must be based primarily upon the applicants' qualifications for the job, with seniority having a bearing on the selection process when the applicants have otherwise equivalent qualifications or where the differences in qualification criteria are insufficient to form the basis for an informed and rational decision." Syllabus Point 1, *Dillon v. Bd. of Educ.*

*of the County of Wyoming,* 177 W.Va. 145, 351 S.E.2d 58 (1986).

In *Oser,* we readdressed the principles enunciated in *Dillon* and explained that the decision-making entity is "required to consider first the qualifications and then the seniority of the individuals filling a vacant teaching position." *Oser,* 179 W.Va. at 791, 374 S.E.2d at 186.[2] Furthermore,

"[c]ounty boards of education have substantial discretion in matters relating to the hiring, assignment, transfer, and promotion of school personnel. Nevertheless, this discretion must be exercised reasonably, in the best interests of the schools, and in a manner which is not arbitrary and capricious." Syllabus Point 3, *Dillon v. Bd. of Educ. of the County of Wyoming,* [177] W.Va. [145], 351 S.E.2d 58 (1986).

Syl. Pt. 2, *Oser,* 179 W.Va. at 789, 374 S.E.2d at 184.

■ Upon examination of the record in the present case, we conclude (1) that the Board did not abuse its discretion by failing to hire the Appellant in the position of teacher of Language Arts/Developmental Reading, and (2) that the Board did not illegally rely upon the seniority issue in reaching its conclusion. While seniority is not to become a decisive factor except in limited circumstances, the related issue of actual teaching experience must be acknowledged as relevant. Ms. Duelley had over five years of teaching experience; the Appellant had only 100 days of experience as a substitute teacher. Certainly that difference cannot be disregarded under the guise of refraining from relying upon the issue of seniority. While the Appellant had a Masters Degree in Educator Administration, Ms. Duelley had considerably more experience in the performance of tasks associated with the position to be filled. These are valid considerations which are well within the discretion of the Board to examine. While the Board acknowledges the Appellant's impressive qualifications, it maintains that Ms. Duelley demonstrated

2. The current code section dealing with seniority for professional employees is West Virginia Code § 18A–4–7a [1992], and it provides a different method for determining how the county board of education shall determine whom to hire for a professional position than West Virginia Code § 18A–4–8b(a) [1983]. However, West Virginia Code § 18A–4–7a, which was implemented in 1990, does not apply to this case which arose in 1989.

greater qualifications for the particular position in question. Both the Board and the Hearing Examiner conducted thorough investigations regarding the candidates' qualifications, credentials, and experience. The Hearing Examiner, when confronted with the contention of reliance upon the issue of seniority, found that the Board members had not improperly relied upon seniority as a basis for their decision. We do not believe this factual finding to be clearly wrong; nor do we believe that this determination was based upon an improper conclusion of law.[3]

From our review, we conclude that the evaluation did not focus exclusively or unnecessarily upon the seniority of the candidates, and we do not believe that the Board's factual findings regarding Ms. Duelley's superior qualifications for this particular position were clearly wrong. Accordingly, the judgment of the Circuit Court of Kanawha County is affirmed.

Affirmed.

---

[3]. The Board members do use the term seniority throughout their testimony. However, the record is not clear on what the Board members meant by the use of that term. The Board members could have been referring to the amount of teaching experience each candidate had. The Board members could have also meant that the appellant and the successful candidate were equally qualified so the decision came down to who had the most seniority. In any event, we have stated that we will not reverse the decision of the West Virginia Educational Employees Grievance Board unless its findings of fact are clearly wrong, and since the Board's use of the term seniority is subject to more than one interpretation, we do not find the West Virginia Educational Employees Grievance Board's determination that the Board members properly found that the successful candidate was the most qualified to be clearly wrong.