568 S.E.2d 1

Diana BOSSIE, Petitioner

v.

BOONE COUNTY BOARD OF EDU-
CATION and Gary Sumpter, Su-
perintendent, Respondents.

No. 30118.

Supreme Court of Appeals of
West Virginia.

Submitted April 3, 2002.

Decided May 29, 2002.

Henry M. Hills, III, Dennie S. Morgan, Jr., Crandall, Pyles, Haviland & Turner, LLP, Logan, WV, for petitioner.

Timothy R. Conaway, Madison, WV, for respondents.

MAYNARD, Justice:

This case arises on certified questions from the Circuit Court of Kanawha County and presents issues concerning the posting, filling, and vacating of an assistant principal's position within the thirty-day period prescribed by W.Va.Code § 18A–4–7a. Rather than choosing a successor to fill the newly vacated assistant principal's position from among the original applicants, the Boone County Board of Education reposted the position. The Board chose a successor who applied after the reposting. The lone remaining original applicant believes she should fill the vacancy.

The circuit court certified two questions; however, we have deemed that the questions are not in a proper posture for us to consider. This Court has the discretion to reformulate certified questions.[1] The question we must address reads as follows:

> Once a board of education selects a qualified applicant to fill a vacancy for a properly noticed job and that selection is rescinded within the time period prescribed by W.Va.Code § 18A–4–7a(o)(3), if more than one applicant meets the qualifications, is the board legally bound to choose a successor from the original list of applicants?

After applying the law to the facts in this case, we answer the question in the affirmative.

## I.

## FACTS

The facts are not in dispute. The Boone County Board of Education employs Diana Bossie as a teacher at Sherman High School.

She holds a permanent teaching certificate for grades 7–12 and a Master's Degree in Educational Leadership for grades 7–12. The Master's Degree qualifies her to work as an administrator in the school system in West Virginia. There is no question that Ms. Bossie is qualified to fill the position she seeks.

During the summer of 1999, the Board posted the vacant principal's position at Van Junior–Senior High School. Diana Bossie and Earnest Wilson, assistant principal at the school, applied for the position. The applicants were interviewed by Dr. Richard Adkins, Executive Director of Personnel, and Steve Pauley, Assistant Superintendent for Secondary Education. During the interview, Ms. Bossie was told that she would be considered for the assistant principal's position if Mr. Wilson was chosen for the principal's job. The Board chose Mr. Wilson to fill the vacant principal's position.

On July 26, 1999, the Board posted a notice of vacancy for the assistant principal's position. Two applicants, Diana Bossie and Tom Bias, a teacher at Scott High School, applied for the job. After interviewing each applicant, the Board chose Mr. Bias to fill the vacancy. Mr. Bias held the position from August 17, 1999 through August 26, 1999, even though he actually worked on the job as assistant principal for one day. After his first day on the job, he told the personnel director that he wished to be relieved of the position. As the Board did not post the teaching position Mr. Bias vacated at Scott High School, Mr. Bias returned to his former teaching job. On August 26, 1999, the Board voted to rescind its hiring action.

The Board was then faced with the question of whether to choose a successor from the original pool of applicants or repost the opening. On August 30, 1999, the Board reposted the assistant principal's position. This time the Board received three applica-

---

1. *See* Syllabus Point 3 of *Kincaid v. Mangum*, 189 W.Va. 404, 432 S.E.2d 74 (1993) ("When a certified question is not framed so that this Court is able to fully address the law which is involved in the question, then this Court retains the power to reformulate questions certified to it under both the Uniform Certification of Questions of Law Act found in *W.Va.Code*, 51–1A–1, *et seq.* and *W.Va.Code*, 58–5–2 [1967], the statute relating to certified questions from a circuit court of this State to this Court.").

tions, that of Diana Bossie, Rodney Cummings, a Lincoln County classroom teacher, and a third unknown applicant. After interviewing the applicants, the Board chose Mr. Cummings to fill the vacant assistant principal's position.

On September 15, 1999, Ms. Bossie filed a grievance alleging violations of W.Va.Code § 18A–4–7a[2] and W.Va.Code § 18–29–2(m).[3] The Board prevailed at level one and level two of the grievance process. Ms. Bossie waived level three. The grievance proceeded to level four where the administrative law judge upheld the decision made at level two. This exhausted Ms. Bossie's administrative remedies. She appealed to circuit court.

The circuit court framed and answered questions sua sponte and certified the questions to this Court. The relevant facts were noted by the circuit court in its order entered on March 23, 2001. The court found that the July 26, 1999 posting closed on July 30, 1999. Mr. Bias left his teaching job on August 17, 1999 to assume the assistant principalship and left the assistant principalship to return to his teaching position on August 18, 1999 with eleven days of the statutory thirty days remaining. The Board rescinded its hiring action on August 26, 1999. The circuit court believed the Board followed existing legal procedure and that the second posting of the assistant principal's position "essentially put all prospective applicants back to the place where they were before the job was first posted." The court affirmed the administrative law judge's decision but stayed that ruling while the certified question is pending in this Court.

## II.

### STANDARD OF REVIEW

■ " 'The appellate standard of review of questions of law answered and certified by a circuit court is *de novo*.' Syllabus point 1, *Gallapoo v. Wal–Mart Stores, Inc.*, 197

W.Va. 172, 475 S.E.2d 172 (1996)." Syllabus Point 2, *Keplinger v. Virginia Elec. and Power Co.*, 208 W.Va. 11, 537 S.E.2d 632 (2000).

## III.

### DISCUSSION

■ The Board readily admits that after Mr. Bias's placement at Van Junior–Senior High School was rescinded, the question arose as to whether the position should be reposted. The Board decided upon reposting rather than filling the position with the remaining original applicant by reasoning as follows. When Mr. Bias accepted the assistant principal's position, the job was filled. When Mr. Bias left the job, the position was once again open. W.Va.Code § 18A–4–7a(*o*) (2001) states in pertinent part:

(*o*) *Openings* in established, existing or newly created positions shall be processed as follows:

(1) Boards shall be required to post and date notices which shall be subject to the following:

(A) The notices shall be posted in conspicuous working places for all professional personnel to observe for at least five working days;

(B) The notice shall be posted within twenty working days of the position openings and shall include the job description;

(C) Any special criteria or skills that are required by the position shall be specifically stated in the job description and directly related to the performance of the job;

(D) Postings for vacancies made pursuant to this section shall be written so as to ensure that the largest possible pool of qualified applicants may apply; and

(E) Job postings may not require criteria which are not necessary for the successful performance of the job and may not be written with the intent to favor a specific applicant;

**2.** W.Va.Code § 18A–4–7a(*o*)(3) (2001) states, "If one or more applicants meets the qualifications listed in the job posting, the successful applicant to fill the vacancy shall be selected by the board within thirty working days of the end of the posting period[.]"

**3.** Regarding her W.Va.Code § 18–29–2(m) (1992) claim, Ms. Bossie states in her brief that "[t]his section deals with sexual discrimination and is unrelated to this appeal to the West Virginia Supreme Court."

(2) No vacancy shall be filled until after the five-day minimum posting period;

(3) If one or more applicants meets the qualifications listed in the job posting, the successful applicant to fill the vacancy shall be selected by the board within thirty working days of the end of the posting period[.] (Emphasis added).

Believing an "opening" was created when Mr. Bias vacated the assistant principal's job after one day, the Board reposted and filled the position in accordance with these statutory requirements.

Ms. Bossie contends that rather than reposting the job, the Board was legally bound to hire her to fill the vacant position because the Board's hiring action was rescinded within the thirty-day statutory period and she was the sole remaining original applicant. She avers that the assistant principal's position did not become vacant when Mr. Bias's hiring was rescinded because "[b]y rescinding its action, the Board voided the selection, as if it had never been filled in the first place."

In *Mingo County Bd. of Educ. v. Jones,* 204 W.Va. 340, 512 S.E.2d 597 (1998), the Board posted notice of a vacancy in a high school principal's position. Frank Jones was the only person who applied for the job. After interviewing Jones, the selection committee reported to the superintendent that Jones met the basic qualifications for the job; however, the committee requested that the position be reposted so other applicants could be evaluated. The superintendent complied and reposted the position. Jada Hunter then applied for the job. After interviewing Hunter, the committee reported to the superintendent that both applicants were qualified and each would be a benefit to the school. Based upon personal knowledge of the back-

grounds of the two applicants, the superintendent recommended that the Board hire Hunter.

Jones filed a grievance which the West Virginia Education and State Employees Grievance Board granted, ordering that Jones be placed in the principal's position. The Board appealed to circuit court where the Grievance Board's decision was reversed. Jones appealed to this Court, contending that the circuit court erred by holding that the statute permits multiple postings of a job vacancy as long as the vacancy is filled within the thirty-day time limit. Because county boards of education are bound by procedures they establish and the Board set a deadline in the original posting, this Court held that "it was bound to adhere to the deadline, and to hire the single qualified applicant who had filed during that application period." *Id.,* 204 W.Va. at 343, 512 S.E.2d at 600.

We must go a step beyond *Jones* in the case presently before us. We must determine if county boards of education are bound to hire from the original pool of qualified applicants[4] when a successful applicant is hired but that hiring action is rescinded "within thirty working days of the end of the posting period[.]"

 To "rescind" is "[t]o abrogate or cancel (a contract) unilaterally or by agreement" or "[t]o make void; to repeal or annul[.]" Black's Law Dictionary 1308 (7th ed. 1999). More specifically, it has been said that:

"To rescind a contract is not merely to terminate it but to abrogate and undo it from the beginning; that is, not merely to release the parties from further obligation to each other in respect to the subject of the contract, but to annul the contract, and

---

4. Ms. Bossie also asks this Court to find that Mr. Bias was not a "successful applicant" because he chose not to remain in the position. We decline to so find. The statute actually states that "the successful applicant *to fill the vacancy* shall be chosen by the board[.]" W.Va.Code § 18A–4–7a(o)(3) (2001). (Emphasis added). This language is self-explanatory; Mr. Bias was the successful applicant because he was chosen by the Board to fill the vacancy. *See Butcher v. Gilmer County Bd. of Educ.,* 189 W.Va. 253, 429 S.E.2d 903 (1993) (per curiam) (The applicant was suc-

cessful at the time she was granted a teaching position by the Board.); *Pockl v. Ohio County Bd. of Educ.,* 185 W.Va. 256, 406 S.E.2d 687 (1991) (The hearing examiner found that the successful applicant, the person who was chosen to fill the vacant assistant principal's position, was better qualified than the grievant.); *Staton v. Wyoming County Bd. of Educ.,* 184 W.Va. 369, 400 S.E.2d 613 (1990) (per curiam), *overruled on other grounds by Pockl, id.,* (Don E. Nuckols was the successful applicant when he was chosen to fill the vacant principal's position.).

to restore the parties to the relative positions which they would have occupied if no such contract had ever been made."

*Sylvania Industrial Corporation v. Lilienfeld's Estate,* 132 F.2d 887, 892 (1943) (quoting Black, Rescission and Cancellation, 2d ed., vol. 1, § 1). Stated another way,

> Generally speaking, the effect of a rescission is to extinguish the contract and to annihilate it so effectually that in contemplation of law it has never had any existence, even for the purpose of being broken.
>
> The effect of a rescission of an agreement is to put the parties back in the same position they were in prior to the making of the contract.

17A Am.Jur.2d *Contracts* § 600 (1991).

If the parties are placed back in the position they were in before the Board made a contract with Mr. Bias, then the Board has one qualified applicant seeking a vacant assistant principal's position at Van Junior–Senior High School and Mr. Bias is placed exactly where we find him today, teaching at Scott High School. Importantly, at the time the contract was rescinded, the statutory thirty-day period in which the Board must fill the slot had not expired. In this instance, the statute neither authorizes nor precludes reposting the job.

This Court has said,

> "County boards of education have substantial discretion in matters relating to the hiring, assignment, transfer, and promotion of school personnel. Nevertheless, this discretion must be exercised reasonably, in the best interests of the schools, and in a manner which is not arbitrary and capricious." Syllabus Point 3, *Dillon v. Board of Education of Wyoming County,* 177 W.Va. 145, 351 S.E.2d 58 (1986).

Syllabus Point 1, *Mingo County Bd. of Educ. v. Jones,* 204 W.Va. 340, 512 S.E.2d 597 (1998). Nobody contends that Mr. Bias was placed in the job in an attempt to circumvent the law and thereby prevent Ms. Bossie from getting the job.[5] Even though we give sub-

stantial discretion to decisions made by county boards of education regarding hiring decisions, in this scenario, we believe that Ms. Bossie should have been given the job when Mr. Bias's contract was rescinded. The facts show that the position was posted and filled with a qualified candidate. That hiring agreement was rescinded leaving the Board with one qualified applicant who could fill the vacant position within the statutory thirty-day period.

We, therefore, hold that once a county board of education selects a qualified applicant to fill a vacancy for a properly noticed job and that selection is rescinded within the time period prescribed by W.Va.Code § 18A–4–7a (2001), if more than one applicant meets the qualifications, the board is legally bound to choose a successor from the original list of applicants. The certified question is answered in the affirmative.

Certified question answered.

---

5. This Court is not unmindful of the Board's quandary. We are aware that if the position had not been reposted, other people who wished to apply for the position might have filed grievances claiming the Board failed to follow statutory posting requirements.