457 S.E.2d 537

**OHIO COUNTY BOARD OF EDUCATION, Plaintiff Below, Appellee,**

v.

**Clarence E. HOPKINS, Jr., Defendant Below, Appellant.**

No. 22492.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 11, 1995.

Decided April 14, 1995.

John Everett Roush, Charleston, for appellant.

Robert G. McCoid, Arthur M. Recht, Schrader, Recht, Byrd, Companion & Gurley, Wheeling, for appellee.

PER CURIAM:

This action is before this Court upon an appeal from the final order of the Circuit Court of Ohio County, West Virginia, entered on February 2, 1994. Pursuant to that order, the circuit court reversed the decision of the West Virginia Education and State Employees Grievance Board which stated that the appellant, Clarence Hopkins, Jr., was entitled to the position of Supervisor of Transportation with the appellee, the Ohio County Board of Education. Upon a review of the record and the briefs and argument of counsel, the final order of the circuit court is affirmed.

I

At the end of the 1991–92 school year, the Supervisor of Transportation of the Ohio County Board of Education retired, thus creating a vacancy for the 1992–93 school year. On July 28, 1992, a notice was posted inviting applications for the position. Indicating that the goal of the Supervisor of Transportation was to provide "safe and efficient transportation" for students, the notice stated that the salary range would be $17,900 to $26,500, "negotiable based on experience." In addition, the notice listed the following qualifications for the job:

1. Broad knowledge of safety rules, traffic regulations, laws and ordinances governing use and operation of motor vehicles in West Virginia and specifically school buses.

2. Broad knowledge of the county road system.

3. Broad knowledge and understanding of preventive maintenance routines and mechanical operation of equipment.

4. Successful experience in diagnosing simple automotive maintenance trouble.

5. Broad knowledge and understanding of business administration and practices to include, but not limited to, budgeting, scheduling, inventory control, purchasing, bidding, letter writing, etc.

6. Successful experience in planning, assigning and supervising the work activities of employees.

7. Successful experience in record keeping and inventory control to include computer literacy skills.

8. A clear and consistent record of positive work behavior that includes consistency in presenting a positive image of Ohio County Schools—its work, Board, staff, etc.—in all dealings with individuals and groups, both within and outside the organization.

9. Possession of a valid State of West Virginia motor vehicle operator's license and able to obtain a commercial operator's license.

10. West Virginia State Transportation Certification training to instruct new drivers.

11. Associate Degree or Higher Degree preferred.

12. Willing and able to work a flexible schedule.

13. Any combination of training and experience which would lead to successful employment as a Transportation Supervisor.

In addition to the above qualifications, the notice also listed thirty-one "job duties" associated with the Supervisor of Transportation position. The listed job duties included: (1) the development and administration of a transportation program to meet the county instructional program and extra-curricular activities, (2) the supervision and maintenance of equipment, (3) the preparation and administration of a transportation budget and (4) the maintaining of various safety standards.

Following the posting of the notice, the Ohio County Board of Education received approximately fifty applications, including an application from the appellant and an application from an individual by the name of Michael Corra. At the time of application, the appellant was employed as a bus operator for the Ohio County Board of Education and had general experience in management from other jobs.[1] Michael Corra was not an employee of the Ohio County Board of Education. Although both the appellant and Michael Corra generally met the qualifications listed in the notice, Michael Corra had worked as a manager of a bus company in Parkersburg, West Virginia, since 1975.[2]

1. As reflected in the decision of August 12, 1993, the administrative law judge of the West Virginia Education and State Employees Grievance Board described the appellant as an Ohio County native who had left that area but returned in 1985. As the administrative law judge further stated:

> [The appellant] completed the requirements for licensure as a school bus operator and worked for OCBE as a substitute operator for two years or so until he became regularly hired for full-time employment approximately three years ago. In addition, he testified that he concurrently manages the physical-plant operations of a moderate-sized commercial office building, located in Wheeling, Ohio County's principal city.

> [The appellant] testified that he is a licensed pilot and further serves the Ohio County community as a deputy commander for the civil air patrol at Wheeling's Ohio County Airport. He stated that his duties there were mainly administrative and that he manages forty persons and regularly flies a State-owned, single-engine airplane. According to [the appellant], he also obtained a bachelors degree at Wheeling College upon his return to the Wheeling area, a task he had begun at a different college while a young man prior to entering the armed forces.

2. In a letter dated August 3, 1992, to the Ohio County Board of Education, Michael Corra described his background as follows:

> My experience includes all phases of bus transportation supervision, with excellent suc-

In August 1992, the Ohio County Board of Education approved the appointment of Michael Corra as Supervisor of Transportation for the 1992–93 school year. Based upon his experience as a manager of a bus company, his annual salary was set at the top level of $26,500.[3]

Contending that he should have been offered the position of Supervisor of Transportation, the appellant filed a grievance with the West Virginia Education and State Employees Grievance Board. *W.Va.Code*, 29–6A–1, *et seq.*; *W.Va.Code*, 18–29–1, *et seq.* Various hearings were conducted, and the grievance proceeded through the Level IV stage, resulting in a final decision of an administrative law judge on August 12, 1993. Citing the provisions of *W.Va.Code*, 18A–4–8b [1990], which provides for the seniority rights of school service personnel, the administrative law judge ruled that the appellant's seniority, qualifications and evaluations of past service entitled him to the position of Supervisor of Transportation.

The circuit court, however, concluded that the Grievance Board was clearly wrong and, by order entered on February 2, 1994, reversed the Board's decision.

## II

The appellant contends that, as a bus operator for the Ohio County Board of Education, he was a regularly employed school service employee and was, therefore, entitled to the protections of *W.Va.Code*, 18A–4–8b [1990]. Indeed, there is no dispute before this Court that both the positions of "bus operator" and "supervisor of transportation" are defined as school service personnel positions under *W.Va.Code*, 18A–4–8 [1992]. Under that statute, "bus operator" means "personnel employed to operate school buses and other school transportation vehicles as provided by the state board of education," and "supervisor of transportation" means "qualified personnel employed to direct school transportation activities, properly and safely, and to supervise the maintenance and repair of vehicles, buses, and other mechanical and mobile equipment used by the county school system."[4] As provided by *W.Va.Code*, 18A–4–8b [1990]:

A county board of education shall make decisions affecting promotion and filling of any service personnel positions of employment or jobs occurring throughout the school year that are to be performed by service personnel as provided in section eight, article four of this chapter, on the basis of seniority, qualifications and evaluation of past service.

Qualifications shall mean that the applicant holds a classification title in his category of employment as provided in this section and must be given first opportunity for promotion and filling vacancies. Other employees then must be considered and shall qualify by meeting the definition of the job title as defined in section eight,

cess in safety and operations. I have experience in all the areas outlined in the job description. I have been employed at Park Transit bus company since 1975, as Transportation Manager, performing these responsibilities. I graduated from Wheeling College in 1972, and joined this firm in 1975.

Moreover, Michael Corra's resume set forth some of his duties with the bus company in Parkersburg:

Duties include leading transportation department, monitoring productivity, supervising subordinates and substitutes, for daily scheduled single day and multi-day bus moves, and emergencies. Prepare bus schedules, road test driver recruits, train drivers, prepare payroll, recommend equipment purchases, work with school principals for special school trips. Handle complaints and resolution. Investigate accidents, ensure conformity with federal and state laws. Plan and develop recommendations for future needs to administrators. Advise on road hazards, call out substitute drivers as needed. Deal with bus manufacturers on warranty claims, maintain fuel supply control program, and oversee monthly fuel reports.

3. Shortly thereafter, Michael Corra resigned from the position of Supervisor of Transportation, and the Ohio County Board of Education assigned those duties to a school principal upon an interim basis. *The resignation of Michael Corra and the Board's subsequent action are not part of the assignment of error in this appeal, which relates to the initial hiring of Michael Corra instead of the appellant.*

4. Pursuant to *W.Va.Code*, 18A–1–1 [1981], "service personnel" means "those who serve the school or schools as a whole, in a nonprofessional capacity, including such areas as secretarial, custodial, maintenance, transportation, school lunch, and as aides."

article four of this chapter, that relates to the promotion or vacancy. If the employee so requests, the board must show valid cause why an employee with the most seniority is not promoted or employed in the position for which he applies. Applicants shall be considered in the following order:

(1) Regularly employed service personnel;

(2) Service personnel whose employment has been discontinued in accordance with this section;

(3) Professional personnel who held temporary service personnel jobs or positions prior to the ninth day of June, one thousand nine hundred eighty-two, and who apply only for such temporary jobs or positions;

(4) Substitute service personnel; and

(5) New service personnel.

Relying upon the above provision, the appellant asserts that, inasmuch as he was a "regularly employed service" employee of the Ohio County Board of Education, and Michael Corra was a "new service" employee, the appellant was entitled to the Supervisor of Transportation position, based upon his seniority, qualifications and evaluation of past service. Of course, that seniority alone is not the sole factor to be considered is clear from the language of *W.Va.Code,* 18A–4–8b [1990], to the effect that a county board of education must show valid cause why an employee with the most seniority is *not employed* in the position for which he applies. Nor, here, are the appellant's evaluations of past service in question. Rather, the issue before this Court concerns the appellant's qualifications for the position of Supervisor of Transportation, compared with those of Michael Corra.

■ In syllabus point 1 of *Randolph County Board of Education v. Scalia,* 182 W.Va. 289, 387 S.E.2d 524 (1989), we recognized that "[a] final order of the hearing examiner for the West Virginia Educational Employees Grievance Board, made pursuant to W.Va.Code, 18–29–1, *et seq.* (1985), and based upon findings of fact, should not be reversed unless clearly wrong." Syl. pt. 3, *Lucion v. McDowell County Board of Edu-*

*cation,* 191 W.Va. 399, 446 S.E.2d 487 (1994); syl. pt. 1, *Department of Natural Resources v. Myers,* 191 W.Va. 72, 443 S.E.2d 229 (1994); syl. pt. 1, *Department of Health v. Blankenship,* 189 W.Va. 342, 431 S.E.2d 681 (1993); syl. pt. 3, *Butcher v. Gilmer County Board of Education,* 189 W.Va. 253, 429 S.E.2d 903 (1993). *See also W.Va.Code,* 29–6A–7 [1988]; *W.Va.Code,* 18–29–7 [1985].

In this case, however, the circuit court found the findings of the West Virginia Education and State Employees Grievance Board to be clearly wrong. The circuit court, indicating that Michael Corra was more qualified for the position of Supervisor of Transportation than the appellant, stated in its letter memorandum of opinion:

[The appellant's] acknowledgement at the Level IV hearing that he did not have any experience in scheduling buses, had no experience in road testing driver routes, had no experience in training drivers, had no experience in purchasing equipment for buses, had no experience in investigating accidents, had no knowledge of warranty of buses and had no background or experience in accounting for transportation, clearly show that he was not qualified for the position[.]

The circuit court, in support of its decision, relied upon *Cox v. Hampshire County Board of Education,* 177 W.Va. 576, 355 S.E.2d 365 (1987). In *Cox,* two Hampshire County school service employees challenged the appointment of a non-employee to the county school position of Assistant Transportation Director. The two school service employees filed grievances stating that the appointment violated the provisions of *W.Va.Code,* 18A–4–8b [1982]. During the litigation, however, the nonemployee resigned as Assistant Transportation Director, and the Hampshire County Board eliminated the position, combining its duties upon a permanent basis with those of a professional administrator. The circuit court dismissed the claims of the two school service employees because the position in question had been eliminated and because, in any event, the nonemployee had been more qualified.

This Court affirmed the rulings of the circuit court in *Cox.* As to the elimination of

the position of Assistant Transportation Director, we emphasized that the management of a county school transportation system is for the welfare of the children,[5] and we stated: "We believe it is within the discretion of the county board of education to place this responsibility with a professional employee *who is, presumably, more acquainted with the administrative and managerial skills necessary to the operation of an efficient transportation system.*" 177 W.Va. at 581, 355 S.E.2d at 370 (emphasis added). Moreover, with regard to the conclusion of the circuit court that the nonemployee had been more qualified for the position, we stated: "Finally, we find no reversible error in the circuit court's finding that Mr. Cheshire [the nonemployee] was more clearly qualified than either of the appellants by virtue of his prior experience as director of a transportation terminal, a position which required supervision of maintenance, safety programs and personnel." 177 W.Va. at 581, 355 S.E.2d at 370.

Although the Supervisor of Transportation position in the case before us was not merged upon a permanent basis into a professional position, *see* note 3, *supra*, we find persuasive, in comparing the qualifications of the appellant to Michael Corra, the language of *Cox* to the effect that it was within the county board of education's discretion to place the responsibility of its transportation system with an applicant "more acquainted with the administrative and managerial skills necessary to the operation of an efficient transportation system," especially, as *Cox* suggests, where that applicant had been the "director of a transportation terminal." That is what the Ohio County Board of Education did in this case, and that action was affirmed by the circuit court.

■ The above language of *Cox* comports with syllabus point 3 of *Dillon v. Wyoming County Board of Education*, 177 W.Va. 145, 351 S.E.2d 58 (1986), in which we held: "County boards of education have substantial discretion in matters relating to the hiring,

assignment, transfer, and promotion of school personnel. Nevertheless, this discretion must be exercised reasonably, in the best interests of the schools, and in a manner which is not arbitrary and capricious." Syl., *Harrison County Board of Education v. Coffman*, 189 W.Va. 273, 430 S.E.2d 331 (1993); syl. pt. 2, *State ex rel. Melchiori v. Marshall County Board of Education*, 188 W.Va. 575, 425 S.E.2d 251 (1992); syl. pt. 6, *Triggs v. Berkeley County Board of Education*, 188 W.Va. 435, 425 S.E.2d 111 (1992); syl. pt. 1, *Hyre v. Upshur County Board of Education*, 186 W.Va. 267, 412 S.E.2d 265 (1991).

In *Hyre, supra*, a bus operator challenged the action of the Upshur County Board of Education appointing an individual to the position of Supervisor of Transportation. The bus operator, who had more seniority as a school service employee than the person selected, relied upon the provisions of *W.Va. Code*, 18A–4–8b [1990]. In reversing a decision of the Circuit Court of Kanawha County adverse to the Upshur County Board, this Court observed in *Hyre* that the record demonstrated that the person selected for the position of Supervisor of Transportation was the more qualified candidate for the job.

■ In the case before this Court, the record demonstrates that the appellant had never managed a bus transit company, as had Michael Corra. The Ohio County Board of Education concluded that Michael Corra was the more qualified candidate for the position of Supervisor of Transportation, and the August 12, 1993, decision of the West Virginia Education and State Employees Grievance Board conceded that Michael Corra "arguably was somewhat more 'qualified' by virtue of prior experience as a manager of a commercial bus operation." Moreover, the posted notice of vacancy for the position of Supervisor of Transportation stated that the salary would be negotiable "based upon experience," and item number thirteen of the notice indicated that "training and experi-

---

5. In *State ex rel. Hughes v. Kanawha County Board of Education*, 154 W.Va. 107, 118, 174 S.E.2d 711, 718 (1970), *dism'd* 403 U.S. 944, 91 S.Ct. 2274, 29 L.Ed.2d 854 (1971), we observed that "[s]chool buses owned and operated by county boards of education are, in a great measure at least, maintained and operated in order to protect the health, safety and welfare of the students who are transported thereon."

ence" were qualifications for the job. Certainly, a special degree of responsibility parallels the transportation of school children. The decision of the Ohio County Board of Education in selecting Michael Corra was within the parameters of its discretion.

The Circuit Court of Ohio County was correct in concluding that the decision of the West Virginia Education and State Employees Grievance Board was clearly wrong. Accordingly, the final order of the circuit court, entered on February 2, 1994, is affirmed.

Affirmed.

BROTHERTON, J., did not participate.

FOX, J., sitting by temporary assignment.