459 S.E.2d 411

**Hurford H. BOLYARD, Plaintiff Below, Appellant,**

v.

**KANAWHA COUNTY BOARD OF EDUCATION, Defendant Below, Appellee.**

**No. 22348.**

Supreme Court of Appeals of West Virginia.

Submitted May 9, 1995.

Decided June 19, 1995.

nied the grievance of the appellant, Hurford H. Bolyard, that he should have been selected for the position of technology education teacher at South Charleston High School, in Kanawha County. For the reasons stated below, the final order of the circuit court is affirmed.

I

In 1990, the appellant applied for the position of technology education teacher at South Charleston High School, in Kanawha County. The notice advertising the position, posted by the appellee, the Kanawha County Board of Education, stated that the employment would involve "team teaching in a high tech lab." At that time, the appellant was an industrial arts teacher at Herbert Hoover High School, also in Kanawha County. The appellant had been employed by the Kanawha County Board of Education for twenty-five years and held a masters degree, plus thirty additional credit hours.

Based upon seniority, four applicants, including the appellant who had the most seniority, were selected to be interviewed for the position. The interview committee consisted of the Principal and two Assistant Principals of South Charleston High School. The same questions were asked of each applicant in separate interviews.

Following the interviews, the committee recommended that applicant William Bass, another industrial arts teacher employed by the Kanawha County Board of Education, be selected for the position. According to the record, the recommendation of the committee was based upon educational background, experience, the interview process, review of personnel files and discussions with the industrial arts supervisor of the Kanawha County Board of Education. William Bass had been employed by the Board for twenty-two years and held a bachelors degree, plus fifteen additional credit hours. The committee's recommendation was adopted by the Kanawha County Board of Education.

Soon after, the appellant filed a grievance with the West Virginia Education and State Employees Grievance Board. *W.Va.Code,* 29–6A–1, *et seq.; W.Va.Code,* 18–29–1, *et seq.*

Richard J. Lindroth, South Charleston, for appellant.

Gregory W. Bailey, Charleston, for appellee.

PER CURIAM:

This case is before this Court upon an appeal from the final order of the Circuit Court of Kanawha County, West Virginia, entered on December 16, 1993. Pursuant to that order, the circuit court affirmed the decision of the West Virginia Education and State Employees Grievance Board which de-

The appellant asserted that he should have been selected for the position of technology education teacher at South Charleston High School. As the grievance progressed through various levels, hearings were conducted in September and December, 1990. By decision dated January 31, 1991, at the Level IV stage, the hearing examiner denied the grievance but directed the Kanawha County Board of Education to furnish the appellant with a written statement setting forth reasons why the appellant was not selected and containing suggestions for improving his qualifications for future consideration. *W.Va.Code,* 18A–4–8b(a) [1988].

In particular, indicating that the appellant had demonstrated no significant flaw in the selection process for the position of technology education teacher at South Charleston High School and that the Kanawha County Board of Education made a reasoned decision based upon the information available, the hearing examiner concluded in his decision of January 31, 1991, that the Board did not err in finding the appellant to be less qualified for the position than William Bass. In that decision, however, the hearing examiner confused the educational backgrounds of the two applicants. The hearing examiner incorrectly stated that the appellant held a bachelors degree, plus fifteen additional credit hours, and that William Bass held a masters degree, plus thirty additional credit hours.

The appellant appealed the decision of the hearing examiner to the Circuit Court of Kanawha County. *W.Va.Code,* 29–6A–7 [1988]; *W.Va.Code,* 18–29–7 [1985]. The circuit court, by final order entered on December 16, 1993, affirmed the decision of the hearing examiner of the West Virginia Education and State Employees Grievance Board. The circuit court stated:

> As Appellant has noted in his brief, the Hearing Examiner did, in part, base his decision on a factual error. The grievant, who did not receive the position, had a masters degree plus thirty hours; the successful applicant had an A.B. degree plus fifteen hours. The Hearing Examiner had attributed each person's credentials to the other. However, the Court finds that this

is of no consequence here. The Board, in making the original decision to offer the position to the other applicant, knew of each party's educational credentials. Its decision was based upon other factors, including performance evaluations, superior performance in the interview process, and the fact that the successful applicant had helped write the county's curriculum for the area in which the position was offered.

In his appeal to this Court, the appellant contends that he should have been selected for the position of technology education teacher at South Charleston High School because he was the most senior and best qualified applicant. Furthermore, the appellant contends that the Circuit Court of Kanawha County committed error in determining that the Level IV hearing examiner's confusion of the educational background of the appellant and William Bass was of no consequence.

## II

■ In this Court's recent opinion in *Ohio County Board of Education v. Hopkins,* 193 W.Va. 600, 457 S.E.2d 537 (1995), we reaffirmed the principle expressed in syllabus point 1 of *Randolph County Board of Education v. Scalia,* 182 W.Va. 289, 387 S.E.2d 524 (1989), that "[a] final order of the hearing examiner for the West Virginia Educational Employees Grievance Board, made pursuant to W.Va.Code, 18–29–1, *et seq.* (1985), and based upon findings of fact, should not be reversed unless clearly wrong." *See also* syl. pt. 3, *Lucion v. McDowell County Board of Education,* 191 W.Va. 399, 446 S.E.2d 487 (1994); syl. pt. 1, *Department of Natural Resources v. Myers,* 191 W.Va. 72, 443 S.E.2d 229 (1994); syl. pt. 1, *Department of Health v. Blankenship,* 189 W.Va. 342, 431 S.E.2d 681 (1993); syl. pt. 3, *Butcher v. Gilmer County Board of Education,* 189 W.Va. 253, 429 S.E.2d 903 (1993). *See W.Va. Code,* 29–6A–7 [1988]; *W.Va.Code,* 18–29–7 [1985]. That principle is, of course, consistent with our observation that rulings upon questions of law are reviewed *de novo. Stephen L.H. v. Sherry L.H.,* No. 22084, —— W.Va. ——, —— n. 19, —— S.E.2d ——, ——, n. 19 (Mar. 6, 1995); *State v. Honaker,* 193 W.Va. 51, 56, 454 S.E.2d 96, 101 (1994);

*Adkins v. Gatson,* 192 W.Va. 561, 565, 453 S.E.2d 395, 399 (1994); *State v. Stuart,* 192 W.Va. 428, 433, 452 S.E.2d 886, 891 (1994); syl. pt. 3, *Committee on Legal Ethics v. McCorkle,* 192 W.Va. 286, 452 S.E.2d 377 (1994).

Although the provisions of *W.Va.Code,* 18A–4–7a [1993], currently govern the filling of teaching positions by a county board of education, the statute applicable to the period in question in this case, as the parties have stated, is *W.Va.Code,* 18A–4–8b [1988]. In 1988, *W.Va.Code,* 18A–4–8b, provided in part:

A county board of education shall make decisions affecting promotion and filling of any classroom teacher's position occurring on the basis of qualifications. If the applicant with the most seniority is not selected for the position a written statement of reasons shall be given to the applicant with the most seniority with suggestions for improving the applicant's qualifications.

■ The above statutory language was present in the 1983 version of *W.Va.Code,* 18A–4–8b and was discussed by this Court in *Dillon v. Wyoming County Board of Education,* 177 W.Va. 145, 351 S.E.2d 58 (1986). Syllabus point 1 of *Dillon* states:

Under W.Va.Code, 18A–4–8b(a) (1983), decisions of a county board of education affecting teacher promotions and the filling of vacant teaching positions must be based primarily upon the applicants' qualifications for the job, with seniority having a bearing on the selection process when the applicants have otherwise equivalent qualifications or where the differences in qualification criteria are insufficient to form the basis for an informed and rational decision.

■ In *Dillon,* the appellant, a teacher, filed a grievance because she had not been selected for the position of language arts teacher at Mullens Middle School in Wyoming County. Relief was denied her in the grievance proceedings and at the circuit court level. Upon appeal, this Court reversed and directed that the position of language arts teacher at Mullens Middle School be reposted and a proper evaluation of the applicants, including the appellant, be conducted. In so holding, we indicated, in *Dillon,* that (1) the county board of education should not have made the successful applicant's advanced degree the sole criteria for its hiring decision, (2) the board failed to investigate and evaluate the qualifications of the other applicants and (3) the appellant's seniority should have been considered. Syllabus point 3 of *Dillon* states: "County boards of education have substantial discretion in matters relating to the hiring, assignment, transfer, and promotion of school personnel. Nevertheless, this discretion must be exercised reasonably, in the best interests of the schools, and in a manner which is not arbitrary and capricious." *See also* syl., *Harrison County Board of Education v. Coffman,* 189 W.Va. 273, 430 S.E.2d 331 (1993); syl. pt. 2, *State ex rel. Melchiori v. Marshall County Board of Education,* 188 W.Va. 575, 425 S.E.2d 251 (1992); syl. pt. 6, *Triggs v. Berkeley County Board of Education,* 188 W.Va. 435, 425 S.E.2d 111 (1992); syl. pt. 1, *Hyre v. Upshur County Board of Education,* 186 W.Va. 267, 412 S.E.2d 265 (1991).

■ Although the parties have correctly indicated that the legal principles discussed in *Dillon* are dispositive in this case, the circumstances before this Court lack the compelling quality which, in *Dillon,* required the reversal of the circuit court. Unlike the facts in *Dillon,* the evidence is clear in this case that the Kanawha County Board of Education evaluated the qualifications of each applicant for the position of technology education teacher at South Charleston High School. Specifically, the record demonstrates that William Bass was selected by the Kanawha County Board because (1) he had substantially contributed to the development of a technology education curriculum for Kanawha County; (2) he consistently exceeded performance evaluation standards, whereas the appellant "met" those standards; and (3) he was rated higher than the appellant with regard to the interview process.

Moreover, even though the respective qualifications of the appellant and William Bass were viewed as significantly different by the Kanawha County Board, the Board also considered seniority. As indicated

above, seniority status led the Board in its selection of four applicants, including the appellant, to be interviewed. In particular, in his testimony during the grievance proceedings, the Principal of South Charleston High School testified that, although the appellant was the most senior applicant, William Bass was the second most senior applicant, and their years of teaching experience were not that much different. The appellant had been employed for twenty-five years, and William Bass had been employed for twenty-two years. This Court noted in *Dillon* that "the statute clearly contemplates that if one candidate for a teaching position is clearly more qualified, the seniority of another applicant will not be sufficient to justify denying the position to the more qualified applicant." 177 W.Va. at 149, 351 S.E.2d at 62.

Finally, the confusion of the hearing examiner of the West Virginia Education and State Employees Grievance Board, in his decision of January 31, 1991, of the educational background of the appellant and William Bass is deprived of significance in view of the fact that the Kanawha County Board of Education had correct information upon which to make its selection for the position. The appellant testified during the grievance proceedings that he was given ample opportunity to present his qualifications to the interview committee. Furthermore, as the Principal of South Charleston High School specifically stated:

Yes, we did mention on the evaluations that Mr. Bolyard did have a Masters plus 30. I believe Mr. Bass had an A.B. plus 15. One of the things that we were aware of, though, which Mr. Bass brought up in his interview that he had been involved in the development of the technical education curriculum for Kanawha County. He had helped write it and such so, as far as getting some background in this area, that was something that we did include as far as our evaluation of the individual.

While the hearing examiner at Level IV did, in fact, confuse the educational backgrounds of the appellant and William Bass, the decision of December 31, 1991, accurately conforms to the evidence in all other respects. Importantly, the Level II grievance

decision, which also upheld the selection of the Kanawha County Board, noted that "the grievant was more senior and possessed a masters degree[.]" The more comprehensive hearing in this matter occurred at Level II.

Upon all of the above, therefore, this Court is of the opinion that the Kanawha County Board of Education reasonably exercised its discretion in its selection for the position of technology education teacher at South Charleston High School, and the circuit court was correct in affirming the West Virginia Education and State Employees Grievance Board with regard to that selection. Accordingly, the final order of the Circuit Court of Kanawha County, entered on December 16, 1993, is affirmed.

Affirmed.

BROTHERTON and RECHT, JJ., did not participate.

McHUGH, C.J., deeming himself disqualified, did not participate in the consideration of this case.

MILLER, Retired Justice, FOX, Judge, and JOLIFFE, Judge, sitting by temporary assignment.