465 S.E.2d 381

**MINGO COUNTY BOARD OF EDUCATION, Petitioner Below, Appellee**

v.

**Deena SURBER, Respondent Below, Appellant.**

No. 22915.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 20, 1995.

Decided Nov. 16, 1995.

John Everett Roush, Kimberly A. Levy, West Virginia Service Personnel Association, Charleston, for Appellant.

W. Graham Smith, Jr., Williamson, for Appellee.

PER CURIAM:

Deena Surber appeals the decision of the Circuit Court of Mingo County denying her the teacher's aide position at Beech Creek Grade School. On appeal, Ms. Surber maintains that because she is the more qualified applicant for the position, the circuit court

should not have reversed an earlier decision of the West Virginia Education and State Employees Grievance Board granting her that position. Because we find that the Grievance Board's decision awarding Ms. Surber the position was not clearly wrong and therefore, should not have been reversed, we reverse the circuit court and affirm the Grievance Board's decision.

## I

On September 6, 1990, the Mingo County Board of Education advertised by posting a Chapter One teacher's aide position at Beech Creek Grade School. Ms. Surber, a substitute teacher's aide, and Nelma Estepp, a regularly employed cook, applied for the position. The Board of Education originally awarded the position to Ms. Surber based on her classification as an aide. Ms. Estepp filed a grievance to protest the Board of Education's appointment of Ms. Surber to the teacher's aide position. Ms. Estepp's grievance was heard by the Grievance Board, which found that the Board of Education had not followed the requirements of *W.Va.Code* 18A–5–8(d) (1988) in filling the vacancy.[1] However, because no evidence of the relevant qualifications of either Ms. Estepp or Ms. Surber had been introduced before the Grievance Board, the matter was remanded to the Board of Education to evaluate the applicants' relevant qualifications. The Grievance Board's order in Ms. Estepp's grievance concluded by saying, "[i]f it is determined that the Grievant [Ms. Estepp] is the more qualified applicant, or if the applicants have equivalent qualifications or differences in their qualifications are insufficient to form the basis for a rational determination that the successful applicant is more qualified, Grievant [Ms. Estepp] shall be instated to the aide position...." *quoted* in the Grievance Board's order in Ms. Surber's case.

After the Grievance Board's decision, the Board of Education appointed Ms. Estepp to the teacher's aide position and removed Ms. Surber, who then filed a grievance contesting

her removal and seeking her reinstatement to the position. Ms. Surber is a high school graduate and has been employed as a substitute teacher's aide since 1985. Ms. Surber completed all the in-service training programs required by the Board of Education for three years, held "a valid First Aid and 'Section D' card from the American Red Cross" and worked with satisfactory evaluations for 54.5 days as an aide up to the time of the posting for the position. Ms. Estepp has her G.E.D. and has been regularly employed as a cook by the Board of Education for about seven years. Ms. Estepp has never been employed as a teacher's aide and has not participated in any training for the teacher's aide position.

According to the Board of Education, it considered both applicants equally qualified based on their high school or high school equivalent education. The Board of Education did not consider Ms. Surber's substitute experience as a teacher's aide or her in-service training. Finding equal qualifications, the Board of Education instated Ms. Estepp to the teacher's aide position because of her status as a regular employee.

After conducting a hearing, the Grievance Board found that "grievant Surber established that she was the better qualified of the two applicants for the Aide position based upon her training and experience" and that the Board of Education was required by *W.Va.Code* 18A–5–8(d) (1988) to fill an aide position primarily on the basis of qualifications. After the Grievance Board ordered Ms. Surber instated into the aide position, the Board of Education appealed the Grievance Board's decision to the Circuit Court of Mingo County.

By order dated December 21, 1994, the circuit court reversed the Grievance Board's decision and found the Board of Education "did not abuse its discretion in awarding the position of aide ... to Nelma Estepp." The circuit court's one page order consisting of five paragraphs and noting that its decision was based on the record below, found, with-

---

**1.** *See Nelma Estepp v. Mingo County Bd. of Educ.,* No. 90–29–492 (W.Va.Educ. & State Employees Grievance Bd. February 28, 1991). Grievance Board opinions are available from the Grievance Board. The Grievance Board's opinions are also filed with the office of the Secretary of State and are available on TechNet.

out explanation, that the decision of the Grievance Board "in error." Ms. Surber then appealed to this Court.

## II

In syllabus point 1 of *Randolph County Bd. of Educ. v. Scalia*, 182 W.Va. 289, 387 S.E.2d 524 (1989) we recognized that "[a] final order of the hearing examiner for the West Virginia Educational Employees Grievance Board, made pursuant to W.Va. Code, 18-29-1, *et seq.* (1985), and based upon findings of fact, should not be reversed unless clearly wrong." *Accord* Syl. pt. 1, *Ohio County Bd. of Educ. v. Hopkins* 193 W.Va. 600, 457 S.E.2d 537 (1995) *(per curiam)*; Syl. pt. 1, *Parham v. Raleigh County Bd. of Educ.*, 192 W.Va. 540, 453 S.E.2d 374 (1994); Syl. pt. 3, *Lucion v. McDowell County Bd. of Educ.*, 191 W.Va. 399, 446 S.E.2d 487 (1994) *(per curiam)*; Syl. pt. 1, *W. Va. Dept. of Natural Resources v. Myers*, 191 W.Va. 72, 443 S.E.2d 229 (1994) *(per curiam)*; Syl. pt. 1, *W. Va. Dept. of Health v. Blankenship*, 189 W.Va. 342, 431 S.E.2d 681 (1993) *(per curiam)*; Syl. pt. 3, *Butcher v. Gilmer County Bd. of Educ.*, 189 W.Va. 253, 429 S.E.2d 903 (1993) *(per curiam)*. *See W.Va.Code* 29-6A-7 (1988); *W.Va.Code* 18-29-7 (1985). The principle of requiring clear error to overturn a fact finder's factual findings is consistent with our principle that rulings upon questions of law are reviewed *de novo*. *Stephen L.H. v. Sherry L.H.*, 195 W.Va. 384, 396 n. 19, 465 S.E.2d 841, 853 n. 19 (1995); *State v. Honaker*, 193 W.Va. 51, 56, 454 S.E.2d 96, 101 (1994); *Adkins v. Gatson*, 192 W.Va. 561, 565, 453 S.E.2d 395, 399 (1994); *Committee on Legal Ethics v. McCorkle*, 192 W.Va. 286, 452 S.E.2d 377 (1994).

Because this case arose in 1990, the applicable statute is *W.Va.Code* 18A-5-8(d) (1988) which stated:

> Notwithstanding the provisions of section eight-b [§ 18A-4-8b], article four of this chapter, an aide shall be employed on the basis of (1) qualifications, including, but not limited to, education, training and experience, and (2) seniority. Qualifications shall not include additional college credits beyond that currently required. With regard to such qualifications, the county board shall establish and make available to service personnel a written policy to be used when regular service personnel who are employed in a different category of employment other than an aide are to be employed in an aide position. An aide by transfer to another position of employment one time only during any half of a school term, unless otherwise mutually agreed upon by the aide and the county superintendent, or the superintendent's designee, subject to board approval: Provided, That during the first year of employment as an aide, an aide shall not transfer to another position of employment during the first one-half school term of employment, unless mutually agreed upon by the aide and county superintendent, subject to board approval.[2]

Because of the exception found in subsection (d) of *W.Va.Code* 18A-5-8 (1988), the provisions of *W.Va.Code* 18A-4-8b (1990) do not apply.[3]

Thus because this case arose before the amendment, the Board of Education was required first to consider the qualifications of the applicants for the aide position. The statute notes that the term qualifications includes, but is not limited to, education, training and experience. If the qualifications are equal, then the employment of the aide

2. Effective April 8, 1993, the Legislature amended *W.Va.Code* 18A-5-8(d) to read as follows:

> An aide may transfer to another position of employment one time only during any half of a school term, unless otherwise mutually agreed upon by the aide and the county superintendent, or the superintendent's designee, subject to board approval: Provided, That during the first year of employment as an aide, an aide shall not transfer to another position of employment during the first one-half school term of employment, unless mutually agreed upon by the aide and county superintendent, subject to board approval.

3. *W.Va.Code* 18A-4-8b (1990) provides, in pertinent part, that "[a] county board of education shall make decisions affecting promotion and filling of any service personnel positions ... on the basis of seniority, qualification and evaluation of past service."

should be based on seniority. In this case, the Grievance Board found that Ms. Surber's qualifications were superior to Ms. Estepp's qualifications. In particular, the Grievance Board noted that Ms. Surber has a high school diploma, received "in-service aide training for three years ...[,] holds a valid First Aid and 'Section D' card from the American Red Cross," and worked satisfactorily for 54.5 days as a substitute aide. Ms. Estepp was found to have her G.E.D., to have been regularly employed as a cook for about seven years and to lack experience as an aide.[4] Based on these factual findings, the Grievance Board found Ms. Surber to be more qualified and ordered her reinstatement to the teacher's aide position.

Given the record, we find that the circuit court erred in finding that the Grievance Board's decision was "in error." Because the circuit court's order failed to explain the reason for its determination, we are unable to address the circuit court's concerns and we decline to speculate what they might be.

We find that the Circuit Court of Mingo County erred in concluding that the decision of the West Virginia Education and State Employees Grievance Board was wrong and, therefore, we reverse the circuit court and reinstate the decision of the Grievance Board ordering the Board of Education to instate Ms. Surber to the aide position with compensation for lost wages, less set-off, and benefits. Accordingly, the final order of the circuit court entered on December 21, 1994 is reversed.

Reversed.

MILLER, Retired J., sitting by temporary assignment.

ALBRIGHT, J., did not participate.

---

4. By receiving her G.E.D., Ms. Estepp fulfilled the requirements of *W.Va.Code* 18A–5–8(e) (1993) which states:

Regular service personnel employed in a category of employment other than aide who seek employment as an aide shall be required to hold a high school diploma or have received a general educational development certificate and shall have opportunity to receive appropriate training pursuant to· subsection (10), section thirteen [§ 18–5–13(10)], article five, chapter eighteen of this code and section two [§ 18–20–2], article twenty of said chapter.