497 S.E.2d 778

**The BOARD OF EDUCATION OF THE COUNTY OF WOOD, a West Virginia Statutory Corporation, Plaintiff Below, Appellee,**

v.

**William JOHNSON, Defendant Below, Appellant.**

**No. 23968.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 10, 1997.

Decided Nov. 21, 1997.

Dissenting Opinion of Chief Justice Workman

Dec. 9, 1997.

John Everett Roush, West Virginia School Service Personnel Association, Charleston, for Appellant.

Dean A. Furner, Spilman, Thomas & Battle, Parkersburg, for Appellee.

PER CURIAM:[1]

■ This case is before this Court upon an appeal from the final order of the Circuit Court of Wood County, West Virginia, entered on June 28, 1996. The appellant, William Johnson, a school bus operator with approximately eighteen years of employment with the appellee, the Board of Education of the County of Wood, was terminated from his employment for allegedly smoking a cigarette while transporting students to school. As reflected in the final order, although the West Virginia Education and State Employees Grievance Board held that the charge against the appellant had not been proven, the circuit court disagreed and upheld the termination.

This Court has before it the petition for appeal, all matters of record and the briefs and argument of counsel. We note that, rather than involving questions of law or procedure, this matter concerns, in its entirety, a consideration of the evidence submitted at the administrative level, and, in particular, the testimony adduced during the level IV hearing before the administrative law judge. In that context, this Court has conducted a thorough examination of the record and concludes, for the reasons stated below, that the circuit court committed error in reversing the West Virginia Education and State Em-

---

1. We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley,* 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4 (1992) ("Per curiam opinions ... are used to decide only the specific case before the Court; everything in a per curiam opinion beyond the syllabus point is merely *obiter dicta....* Other courts, such as many of the United States Circuit Courts of Appeals, have gone to non-published (not-to-be-cited) opinions to deal with similar cases. We do not have such a specific practice, but instead use published per curiam opinions. However, if rules of law or accepted ways of doing things are to be changed, then this Court will do so in a signed opinion, not a per curiam opinion.").

ployees Grievance Board. Accordingly, we reverse the final order of June 28, 1996, and remand this case to the circuit court for reinstatement of the Grievance Board's decision.

I

The appellant, a school bus operator, was hired by the appellee in 1977. On October 11, 1995, Blaine Auvil, the Assistant Transportation Director for the appellee, received a telephone call from a motorist stating that she had observed the appellant smoking a cigarette that morning while the appellant was transporting students to school. In particular, the motorist indicated that she had observed the appellant smoking while she and the appellant were driving their respective vehicles in the same direction on Grand Central Avenue in the Parkersburg, West Virginia, area. Following the call, Mr. Auvil inspected the appellant's bus, which was then parked in a garage maintained by the appellee, and discovered what appeared to be cigarette ashes on the floor between the driver's window and the driver's seat. When confronted by Mr. Auvil and Michael Falck, the Transportation Director for the appellee, the appellant denied the allegation.

The incident of October 11, 1995, occurred during the 1995–1996 school year, and prior thereto both the State of West Virginia and Wood County had adopted non-smoking policies applicable to school personnel. The State policy, reflected in West Virginia State Board of Education Policy No. 2422.5A, prohibited "the use of tobacco products" by school personnel. More specifically, Wood County Board of Education Policy No. 5114.10 stated:

> [I]t is the policy of the Wood County Board of Education to prohibit the use of all tobacco and tobacco products in all school buildings, on school grounds, or any motorized vehicle used for school activities. School personnel are further prohibited from using tobacco products in the presence of students while engaging in any school related activity involving students.... Employees who violate this

policy shall be subject to discipline as circumstances warrant, including written /oral reprimands, notation upon evaluation, suspension or dismissal.

On October 13, 1995, the appellant was suspended from his employment pending an investigation of the incident, and on October 24, 1995, an evidentiary hearing was conducted by the appellee. Following the hearing, the appellee voted to terminate the appellant's employment. Thereafter, in December 1995, as a part of the grievance process before the West Virginia Education and State Employees Grievance Board, *W. Va. Code*, 18–29–1 [1992], *et seq.*, a level IV evidentiary hearing was conducted by an administrative law judge.

During the level IV hearing, the motorist, called as a witness by the appellee, testified that she was certain that she saw the appellant smoking a cigarette on Grand Central Avenue while the appellant was transporting students to school. Moreover, the evidence of the appellee included the fact that, in 1992, the appellant was disciplined for a similar transgression concerning the transporting of students. As a result of the 1992 disciplinary action, the appellant was placed upon a "perpetual improvement plan" by the appellee for the cessation of smoking.

On the other hand, during the level IV hearing, as well as during the hearing of October 24, 1995, the appellant denied smoking on the bus while transporting students. Rather, the appellant maintained that, while driving on Grand Central Avenue on October 11, 1995, he was apparently seen by the motorist with a white ball point pen in his mouth. According to the appellant, he was making notes with the pen, at various traffic lights along the route, concerning evidence of vandalism to the bus he had recently discovered. With regard to the ashes found by Mr. Auvil, the appellant stated that he had driven the bus to his residence the day before, October 10, 1995, and had smoked a cigarette while cleaning the bus at that location. As the appellant asserted, he had probably dropped ashes in the bus at that time.[2]

**2.** As the administrative law judge at level IV recognized, the appellant's statement that he was

smoking on October 10, 1995, while cleaning the bus, and may have dropped cigarette ashes in the

In addition to his own testimony, the appellant, during the level IV hearing, offered the testimony of two elementary school students who were on the bus on October 11, 1995. The students testified that they had never seen the appellant smoking cigarettes on the bus. No other students were called to testify by either party.

In a twenty-four page opinion dated March 28, 1996, the administrative law judge of the West Virginia Education and State Employees Grievance Board held that the charge against the appellant had not been proven. Accordingly, the appellee was directed to reinstate the appellant to his employment, with lost wages, benefits and seniority. Specifically, indicating that the motorist had only "fleeting glimpses" of the appellant on October 11, 1995, and that the motorist "could have understandably mistaken a white pen in Grievant's mouth for a cigarette," the administrative law judge found that the motorist's testimony was "not entirely reliable." Furthermore, the administrative law judge found: "Two students who were aboard the bus on the time and day in question could see Grievant from their seats. They never saw Grievant smoke on the bus at any time, and

bus at that time, may constitute a violation of the non-smoking policies reflected in West Virginia State Board of Education Policy No. 2422.5A and Wood County Board of Education Policy No. 5114.10.

It must be emphasized, however, that the appellee did not charge the appellant with any October 10, 1995, violations. Rather, the sole charge against the appellant concerns the transporting of students on October 11, 1995. As the appellee's formal, written charge against the appellant stated: "On Wednesday, October 11, 1995, you were in direct violation of Wood County Board of Education Policy 5114.10 and State Board of Education Policy 2422.5A by smoking on a school bus and continuing to smoke on a school bus while students were present on the bus."

In the level IV decision, the administrative law judge observed: "[I]f WCBE [the appellee] decides to discipline Grievant for the admitted smoking offense of October 10, 1995, given Grievant's ... history as a WCBE employee, it would not be improper for WCBE to impose some lesser form of discipline than termination under the circumstances."

**3.** The final order of the circuit court was rather attenuated and stated in pertinent part:

they never smelled cigarette smoke on the bus that day, or at any other time."

Upon appeal, however, the circuit court reversed the decision of the West Virginia Education and State Employees Grievance Board and upheld the termination of the appellant from his employment. As reflected in the final order of June 28, 1996, the circuit court concluded that the decision of the administrative law judge was (1) clearly wrong "in view of the reliable, probative and substantial evidence on the whole record," (2) arbitrary and capricious and (3) constituted an unwarranted exercise of discretion. No transcript of any proceedings before the circuit court, however, was made a part of the record before this Court. Moreover, the final order of the circuit court did not discuss the evidence submitted at the administrative level with any degree of particularity.[3]

## II

In *Quinn v. West Virginia Northern Community College,* 197 W.Va. 313, 475 S.E.2d 405 (1996), this Court confirmed the principle expressed in syllabus point 1 of *Randolph County Board of Education v. Scalia,* 182 W.Va. 289, 387 S.E.2d 524 (1989), that "[a] final order of the hearing examiner

[T]he hearing examiner's rationale and ruling in her opinion with regard to the credibility of the witnesses, the straight forward refusal to consider relevant evidence presented by the [appellee], and her purely speculative consideration of evidence not a part of the record to be clearly wrong in view of the reliable, probative and substantial evidence on the whole record and that she acted in a manner that was arbitrary and capricious. The Court further ruled that the hearing examiner's decision was a clearly unwarranted exercise of discretion.

The final order did not articulate why the administrative law judge's rationale concerning the credibility of the witnesses was clearly wrong or in what manner the administrative law judge failed to consider relevant evidence or, instead, considered evidence not a part of the record. As stated above, no transcript of any proceedings before the circuit court was made a part of the record before this Court. Moreover, the language of the final order, that the decision of the Grievance Board was clearly wrong, arbitrary and capricious and constituted an unwarranted exercise of discretion, was simply a restatement of the statutory grounds for review of a decision of the Grievance Board found in *W. Va.Code,* 18–29–7 [1985].

for the West Virginia Educational Employees Grievance Board, made pursuant to W. Va. Code, 18–29–1, *et seq.* (1985), and based upon findings of fact, should not be reversed unless clearly wrong." *See also* syl. pt. 1, *Bolyard v. Kanawha County Board of Education,* 194 W.Va. 134, 459 S.E.2d 411 (1995); syl. pt. 1, *Ohio County Board of Education v. Hopkins,* 193 W.Va. 600, 457 S.E.2d 537 (1995); syl. pt. 3, *Lucion v. McDowell County Board of Education,* 191 W.Va. 399, 446 S.E.2d 487 (1994); syl. pt. 1, *Department of Natural Resources v. Myers,* 191 W.Va. 72, 443 S.E.2d 229 (1994); syl. pt. 1, *Department of Health and Human Resources v. Blankenship,* 189 W.Va. 342, 431 S.E.2d 681 (1993); *W. Va.Code,* 18–29–7 [1985].[4]

■ That principle is, of course, consistent with our observation that rulings upon questions of law are reviewed *de novo.* *State v. Honaker,* 193 W.Va. 51, 56, 454 S.E.2d 96, 101 (1994); *Adkins v. Gatson,* 192 W.Va. 561, 565, 453 S.E.2d 395, 399 (1994); *State v. Stuart,* 192 W.Va. 428, 433, 452 S.E.2d 886, 891 (1994); syl. pt. 3, *Committee on Legal Ethics v. McCorkle,* 192 W.Va. 286, 452 S.E.2d 377 (1994).

In *Hare v. Randolph County Board of Education,* 183 W.Va. 436, 396 S.E.2d 203 (1990), this Court upheld the termination of employment of a Randolph County school bus operator. The basis of the termination was the bus operator's negligence with regard to a number of traffic accidents. The issue before this Court, in *Hare,* was procedural and concerned the absence of references to the accidents in the school board's annual evaluations of the bus operator. Nevertheless, the bus operator had been in-

formed, through various letters from the school board, that his employment was in jeopardy. In upholding the termination, this Court concluded, in *Hare,* that the letters constituted "substantial compliance" with the evaluation process. 183 W.Va. at 439, 396 S.E.2d at 206.

■ Unlike the circumstances in *Hare,* rather than involving questions of law or procedure, this case concerns, in its entirety, a consideration of evidentiary matters. Here, the appellant contends that the administrative law judge of the West Virginia Education and State Employees Grievance Board weighed the evidence, properly made judgments concerning the credibility of the witnesses and correctly concluded that the charge had not been proven. Thus, the appellant asserts that the circuit court, in reversing the decision of the administrative law judge, improperly substituted its judgment for that of the Grievance Board. On the other hand, the appellee emphasizes the fact that the motorist was quite certain that she saw the appellant smoking a cigarette on October 11, 1995, while transporting students, which, according to the appellee, is consistent with the fact that ashes were found in the bus. Moreover, the appellee asserts, the motorist was in a better position than the two students, who were seated toward the rear of the bus, to observe the appellant.

In discussing the review of grievance proceedings involving school personnel, this Court stated in *Martin v. Randolph County Board of Education,* 195 W.Va. 297, 465 S.E.2d 399 (1995):

---

**4.** In this case, the appellee appealed from the West Virginia Education and State Employees Grievance Board to the circuit court pursuant to *W. Va.Code,* 18–29–1 [1992], *et seq.,* and we thus cite *Scalia* for its reference to that statutory scheme. That statutory scheme concerns the "West Virginia Educational Employees Grievance Board."

As this Court observed in *Quinn,* however, the procedures of the "West Virginia Education and State Employees Grievance Board" are set forth in chapter 29, article 6A, of the West Virginia Code. As *W. Va.Code,* 29–6A–5 [1988], states: "The education employees grievance board, created by virtue of the provisions of section five, article twenty-nine, chapter eighteen of this code,

shall be hereafter known and referred to as the education and state employees grievance board [.]" Thus, comparable to syllabus point 1 of *Scalia* is the syllabus point in *Quinn* which states: "A final order of the hearing examiner for the West Virginia Education and State Employees Grievance Board, made pursuant to *W. Va.Code,* 29–6A–1, *et seq.* [1988], and based upon findings of fact, should not be reversed unless clearly wrong." Although the provisions of *W. Va.Code,* 18–29–1, *et seq.,* remain as a part of the *West Virginia Code,* and have been amended from time to time, the March 28, 1996, administrative decision in this case is from the "West Virginia Education and State Employees Grievance Board."

In reviewing the decision of an ALJ following a Level IV grievance hearing, the circuit court should give deference to ... [factual] findings.... Further, the ALJ's credibility determinations are binding unless patently without basis in the record. Nonetheless, this Court must determine whether the ALJ's findings were reasoned, i.e., whether he or she considered the relevant factors and explained the facts and policy concerns on which he or she relied, and whether those facts have some basis in the record.

195 W.Va. at 304, 465 S.E.2d at 406.

In this case, as indicated above, the circuit court was presented with an appeal from the West Virginia Education and State Employees Grievance Board solely involving evidentiary matters. Indeed, a review of the record demonstrates that the facts concerning the charge against the appellant were directly in conflict. Whereas the motorist was certain that she saw the appellant smoking a cigarette on Grand Central Avenue while the appellant was transporting students to school, the appellant denied the charge and maintained that the motorist had apparently seen him with a white ball point pen in his mouth, a pen the appellant asserted he was using to make notes concerning vandalism to the bus. Moreover, the appellant stated that the ashes found in the bus were probably dropped there the day before, while the appellant was cleaning the bus at his residence. *See*, n. 2, *supra*. Finally, the two elementary students testified that they had never seen the appellant smoking cigarettes on the bus.

As reflected in the lengthy opinion of March 28, 1996, the administrative law judge resolved the conflict in the evidence in the appellant's favor and concluded that the charge had not been proven. The circuit court, however, pursuant to a rather abstract final order, reversed the administrative law judge and upheld the termination of the appellant from his employment. Given the lack of particularity in that order, this Court declines to speculate as to what the concerns of the circuit court may have been. *See*, n. 3, *supra*; *Mingo County Board of Education v. Surber*, 195 W.Va. 279, 282, 465 S.E.2d 381, 384 (1995). Instead, this Court is of the opinion that the decision of the administrative law judge was concrete in its analysis of the evidence and well reasoned. Consequently, we conclude that the circuit court committed error in reversing that decision.

Accordingly, upon all of the above, the final order of the Circuit Court of Wood County, entered on June 28, 1996, is reversed, and this case is remanded to that court for reinstatement of the decision of the West Virginia Education and State Employees Grievance Board.

Reversed and remanded.

WORKMAN, Chief Justice, dissenting:
(Filed Dec. 9, 1997)

Increasingly, the trend seems to be for courts to render decisions that reward wrong-doers. This is wrong and contributes to the falling level of respect for courts in this country.

This case is about a school bus driver who had previously been disciplined for smoking on the school bus, and who was charged once again with smoking on a school bus. Yet, the majority goes out of its way not only to reinstate the driver, but to give full back pay, which means the driver will get approximately two years of back pay *with interest!*

While I can agree that termination from employment was a rather harsh sanction in light of the Appellant's lengthy employment history with the Appellee, I cannot condone, as the majority does, the Appellant's repeated transgressions of smoking on the school bus in violation of the non-smoking policies governing school personnel of both the State of West Virginia and Wood County[1] by rewarding him. While I am willing to reinstate the driver to employment, I cannot in good conscience give him a financial boon-

---

1. It was undisputed that smoking on a school bus was in direct violation of both the State of West Virginia and Wood County's non-smoking policies applicable to school personnel. *See* West Virginia State Board of Education Policy No. 2422.5A and Wood County Board of Education Policy No. 5114.10.

While some may view this as a frivolous matter, parents of children with respiratory problems would heatedly disagree.

doggle, especially since perhaps in excess of $50,000 will come directly from funds collected from taxpayers for the education of Wood County children.

In this case, the lower court concluded that the decision of the administrative law judge ("ALJ") was "(1) clearly wrong 'in view of the reliable, probative and substantial evidence on the whole record....'" That record consisted of the testimony and evidence introduced at the level IV hearing, wherein the ALJ heard the testimony of an eye witness, a motorist, who stated that she had observed the Appellant smoking a cigarette the morning of October 11, 1995, while the Appellant was transporting students to school. Further, the witness telephoned Blaine Auvil, the Assistant Transportation Director for the Appellee and relayed to him her observations. Mr. Auvil, in turn, inspected the Appellant's bus only to discover cigarette ashes on the floor between the driver's window and the driver's seat. The Appellee also offered in evidence the former disciplinary action taken against the Appellant for a previous smoking violation.

The Appellant stated that the witness mistook a white ball point pen that he must have had in his mouth for a cigarette. Further, he acknowledged that the cigarette ashes must have come from when he was smoking a cigarette while cleaning the bus at his residence the preceding day, thus acknowledging that he smoked on the bus only a day before the incident giving rise to the charge. He stated that possibly he dropped the ashes at that time.[2] In addition, the Appellant offered the testimony of two elementary school students who were on the bus at the time the Appellant was alleged to have been smoking, but who testified that they had not witnessed the Appellant smoke on the bus. Ironically, the students the driver called to testify had been seated in the rear of the bus.

Based upon all this evidence, the ALJ ruled in favor of the Appellant, finding that the charge against the Appellant had not been proven. As we stated in syllabus point one of *Randolph County Board of Education*

*v. Scalia,* 182 W.Va. 289, 387 S.E.2d 524 (1989), "[a] final order of the hearing examiner for the West Virginia Educational Employees Grievance Board, made pursuant to W. Va.Code, 18–29–1, *et seq.* (1985), and based upon findings of fact, should not be reversed unless clearly wrong." We have previously stated, however, that "[a] finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Syl. Pt. 1, in part, *In re Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996). Based upon the evidence in the record, the circuit court was correct in determining that the hearing examiner was clearly wrong.

Because of the driver's lengthy employment of approximately twenty years, however, I would be willing to go so far as to classify the sanction of dismissal for this violation as arbitrary and capricious and to support his reinstatement. However, I am totally unwilling to give the petitioner a financial boondoggle from the Wood County Board of Education's budget. In *Rovello v. Lewis County Board of Education,* 181 W.Va. 122, 381 S.E.2d 237 (1989), we considered the "lack of a clear policy [covering the incident], the isolated nature of the appellant's offense, his otherwise [good] record, and the minimal harm to the school system, [and concluded] that the Board of Education acted arbitrarily and capriciously in dismissing the appellant." *Id.* at 126, 381 S.E.2d at 241. We further recognized in *Rovello* that while dismissal was too severe, a lesser sanction was not inappropriate. *Id.; see Board of Education of County of Gilmer v. Chaddock,* 183 W.Va. 638, 398 S.E.2d 120 (1990) (finding dismissal too severe and recommending one year suspension without pay appropriate).

Finally, the majority fails to address the significant issue of whether the Appellant was entitled to full back pay. In *Mason County Board of Education v. State Superintendent of Schools,* 170 W.Va. 632, 295 S.E.2d 719 (1982), we indicated that unless a

---

**2.** The majority makes much of the fact that this violation did not form the basis for the instant charge. They ignore, however, what powerful

circumstantial evidence this was of the instant violation. *See supra* note 1.

dismissal is malicious, a discharged employee is not entitled to full back pay. *Accord Rovello*, 181 W.Va. at 126, 381 S.E.2d at 241. There is absolutely no evidence that the Board acted maliciously and, therefore, back pay is totally inappropriate.

Here we have a school bus driver who committed repeated violations of state and county policies designed to protect the health of the children in his charge, and he receives what essentially amounts to a two-year paid vacation.

Based upon the foregoing, I respectfully dissent to the per curiam decision. I am authorized to state that Justice MAYNARD joins in this dissent.